THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD M. WRIGHT, Defendant-Appellant.

First District (5th Division)    No. 76-855

Opinion filed May 20, 1977.—Rehearing denied June 20, 1977.

James Lee Daubach, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Linda Ann Miller, and Jeffrey Singer, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

After a bench trial, defendant was convicted and fined $100 and costs for driving a motor vehicle while under the influence of intoxicating liquor, in violation of section 11—501 of the Illinois Vehicle Code (the Code). (Ill. Rev. Stat. 1975, ch. 95½, par. 11—501.) On appeal, he contends that the State failed to sustain its burden of proving that he had driven the motor vehicle in question.

Sergeant Nolan, of the Hillside Police Department, testified that at approximately 3 a.m. he was on duty at police headquarters when he observed a motor vehicle pull into the parking lot at the rear of the station. He saw an individual leave the car and start towards the building. Later he saw that same individual inside the station. At this point in his testimony, questions were asked and answers made as follows:

"Q: Is that the same individual whom you observed driving up in the automobile?

A: Yes, it was.

Q: Did you have occasion to have a conversation with that individual in the police station?

A: Yes, I did."

Nolan then testified that this individual, the defendant, complained that while his vehicle had been stalled on the highway, a Hillside squad car passed without stopping. Defendant was angry and wanted to know why the officer in that car did not assist him. Nolan informed defendant that he was not aware of the incident and also told him that in his opinion he was intoxicated and should not be driving his automobile. The officer said that he asked defendant to call his wife to drive him home and that when defendant refused to do so, Nolan himself telephoned defendant's home, and his son came to the station. During his conversation with defendant, Nolan noted that his eyes were watery and bloodshot, that the odor of alcohol was strong, and that defendant was in a state of confusion and staggered when he walked. Defendant refused the assistance of his son and said he would not allow anyone else to drive him home. Defendant insisted that Nolan arrest him, and the officer did so because of his belief that defendant's intoxication would impair his driving ability.

On cross-examination, the officer stated that he did not examine defendant's car to determine whether anyone else was in it, and he admitted that defendant had never said he had driven the car. On redirect examination, Nolan answered in the affirmative to the following question: "Officer, did you see him driving that car?"

Defendant then testified that he and a person named Pete, whom he had met that evening and had not known before, were drinking in a bar when they decided to go to another location to play pool. Defendant allowed Pete to drive his car and said that while they were traveling on the expressway the car stalled after passing through standing water. While they were attempting to start it, a police vehicle approached but failed to stop. They finally were able to start the car, and Pete then drove defendant to the Hillside Police Headquarters, so that he could report the fact that an officer had passed them without stopping to give assistance. He never saw Pete at any time after they arrived at the station.

OPINION

Defendant's sole contention on appeal is that the State did not prove beyond a reasonable doubt that he was driving the vehicle in question.

The provisions of the Code pertinent here are sections 1—116 and 11—501(a). (Ill. Rev. Stat. 1975, ch. 95½, pars. 1—116 and 11—501(a).) The former defines a driver as "[e]very person who drives or is in actual physical control of a vehicle," and the latter provides that "[n]o person who is under the influence of intoxicating liquor may drive or be in actual physical control of any vehicle within this State."

■■■ Defendant correctly states that "driving" is an essential element of the offense of "driving while intoxicated." (*People v. Jefferson* (1971), 1 Ill. App. 3d 484, 486, 275 N.E.2d 176.) So also is it true that it is not necessary for the State to show that defendant was observed actually operating the vehicle. (*People v. Chamberlain* (1972), 5 Ill. App. 3d 235, 282 N.E.2d 784.) Further, the testimony of one witness, such as the arresting officer, may be sufficient to sustain a conviction (*People v. Pigg* (1974), 17 Ill. App. 3d 568, 308 N.E.2d 190), and a conviction may be sustained upon circumstantial as well as direct evidence (*Chamberlain*).

■■ Here, it was the testimony of Officer Nolan that he saw a motor vehicle "pull into" the police parking lot and that he observed an individual leave that vehicle and start toward the station. Moments later, he had a conversation with the individual he had seen "driving up," whom he identified as defendant. In the course of this conversation, the officer concluded defendant was under the influence of intoxicants and arrested him for the offense charged. On cross-examination, the last question asked of Officer Nolan by defense counsel, and his answer thereto were:

"Q. Did the defendant ever admit to you that he was driving the car?

A. No."

Immediately thereafter, on redirect examination, the first question asked the witness, and his answer were:

"Q. Officer, did you see him driving that car?

A. Yes, I did."

We think that the testimony of the officer as set forth above was sufficient to justify a finding beyond a reasonable doubt that defendant was driving the vehicle. We reject the contention of defendant, relying on *People v. Miller* (1959), 23 Ill. App. 2d 352, 163 N.E.2d 206, that the decision of the trial court should have been controlled by the "uncontradicted testimony" of defendant which negated the fact that he was driving the car. In *Miller*, the rule was stated as follows:

> "[T]he positive testimony of a witness, uncontradicted and unimpeached, either by positive testimony or by circumstantial evidence, intrinsic or extrinsic, cannot be disregarded but must control the decision of the court and jury, unless there is such an inherent improbability in the statements of the witness as to induce the court or jury to disregard his evidence even in the absence of any direct conflicting testimony." 23 Ill. App. 2d 352, 358, 163 N.E.2d 206, 209.

Here, we believe there were inherent improbabilities in the testimony of defendant that he was only a passenger in his car, which had been driven by someone named Pete; that he met Pete at a tavern that evening and allowed him to drive his car, although he had never seen him prior thereto and did not know anything about him except that he lived in Villa Park and his name was Pete; and that, after he got out of his car at the station, he never saw Pete again.

It is the province of the trier of fact to weigh the evidence, determine credibility and decide whether the elements of the charge have been proven (*People v. Mundorf* (1968), 97 Ill. App. 2d 130, 239 N.E.2d 690), and a reviewing court will not reverse unless the evidence is so unsatisfactory as to raise a reasonable doubt of guilt (*People v. Catlett* (1971), 48 Ill. 2d 56, 268 N.E.2d 378). In the instant case, we do not believe that the totality of the evidence is so unsatisfactory as to raise this reasonable doubt.

For the reasons stated, the judgment is affirmed.

Affirmed.

LORENZ and WILSON, JJ., concur.