THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
ANDRZEJ BAFIA *et al.,* Defendants-Appellees.

Second District   Nos. 82—232, 82—381, 82—417, 82—429 cons.

Opinion filed February 9, 1983.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara A. Preiner, of State's Attorneys Appellate Service Commission, of counsel), for the People.

No brief filed for appellees.

JUSTICE NASH delivered the opinion of the court:

In these cases, which we have consolidated for opinion, the State appeals, contending that the circuit court's findings in implied consent hearings that the arresting officer had no reasonable grounds to believe the defendant was driving a motor vehicle while under the influence of intoxicating liquor were against the manifest weight of the evidence.

Defendants Andrzej Bafia, Donald J. Lee, David Holleb and Donald I. Weidel have not responded in this court with a brief and we will consider the issues under the standards set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

In each case defendant was arrested in Du Page County for driving under the influence of intoxicating liquor in violation of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501(a)). Defendants each thereafter refused to submit to a breath analysis after being advised, pursuant to the Code, that a refusal may result in the suspension of his privilege to operate a motor vehicle (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1(a)(2)). Also in each case, pursuant to the Code, the arresting officer filed with the clerk of the circuit court a notice of the refusal to submit to breath analysis and the clerk

thereupon notified each defendant his driving privileges would be suspended unless a hearing was requested (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1(d)). Each defendant did request a hearing before the trial court and the State appeals from the orders in these cases, finding the officers had no reasonable cause to believe each defendant was driving while under the influence of intoxicating liquor. See *People v. Malloy* (1979), 76 Ill. 2d 513, 395 N.E.2d 381.

In these cases we consider whether the judgments of the trial court were contrary to the manifest weight of the evidence presented at the implied consent hearings. A court of review will not disturb the judgment below unless it is palpably against the weight of the evidence (*Village of Park Forest v. Angel* (1976), 37 Ill. App. 3d 746, 756, 347 N.E.2d 278, *appeal denied* (1976), 63 Ill. 2d 564), and a judicial finding is not against the manifest weight of the evidence unless from the record an opposite conclusion is clearly evident. (*Matloob v. Village of Cahokia* (1980), 84 Ill. App. 3d 319, 322, 405 N.E.2d 396, *appeal denied* (1980), 81 Ill. 2d 593.) We necessarily review separately the evidence presented at each hearing.

### People v. Donald J. Lee

On December 28, 1981, defendant was arrested for driving while under the influence of intoxicating liquor (Ill. Rev. Stat. 1979, ch. 95½, par. 501(a)), to which he subsequently entered a plea of guilty and was placed on court supervision and fined $750. On April 12, 1982, an implied consent hearing was held before Associate Judge C. Andrew Hayton. Officer Thomas Stuckey of the Du Page County Sheriff's Department testified he had responded to an accident call at 6:25 p.m. on the date of the offense at the intersection of Route 53 and 75th Street. The two vehicles involved were off the road and defendant identified himself to the officer as driver of one of them. Defendant told Officer Stuckey he could not stop in time and had run into the back of the other car. During the conversation defendant was leaning on his car and hanging on to its outside rear view mirror. The officer noticed a very strong odor of alcohol on defendant's breath, his eyes were glassy and bloodshot and he staggered when walking. The officer testified it was his opinion defendant was intoxicated and that he arrested and transported him to the police station. Defendant was then advised of his *Miranda* rights and of the "Nine Points" required under section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1), and he thereafter refused to take a breathalyzer test when requested to do so. Defendant offered no evidence, but the trial court found the officer lacked reasonable

grounds to believe defendant was driving while under the influence of intoxicating liquor, apparently on the grounds the officer had not seen defendant drive the automobile.

### People v. Donald J. Weidel

Defendant was arrested on November 28, 1981, for driving while under the influence of intoxicating liquor (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501). On May 3, 1982, he entered a plea of guilty to that offense and was placed on court supervision and fined $1,000. At the implied consent hearing held immediately thereafter before Associate Judge C. Andrew Hayton, Deputy Sheriff Arthur Weldon testified that he responded to an accident call at 10:08 p.m. on November 28, 1981, in Hinsdale. He there saw two automobiles in a parking lot driveway and noticed defendant walking towards a building. The officer told defendant to return and defendant staggered as he did so. Defendant told the officer he was the driver of one of the cars involved in the accident and said he was going north and must have dozed off. The officer noted the odor of alcohol on defendant's breath and that he spoke in a slurred manner and was unable to perform the finger to nose test. Defendant was arrested and taken to the Darien police station where he refused to take a breathalyzer test, stating to friends who were also present, "You know I'm drunk. I know I'm drunk. This is the best way."

Defendant also testified, stating his appearance and conduct may have resulted from his striking his head on the windshield in the accident. Defendant acknowledged, however, he had told the officer he had not been injured lately and was not ill. The trial court found the officer lacked reasonable grounds to believe defendant was driving while under the influence of intoxicating liquor, noting the odor of alcohol on defendant was moderate and defendant's testimony that he was injured in the accident.

### People v. Andrzej Bafia

Defendant Andrzej Bafia waived trial by jury for the offense of driving while under the influence of intoxicating liquor (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501(a)), and in a bench trial before Associate Judge C. Andrew Hayton the following evidence relevant to the issues of this appeal was presented.

On October 15, 1981, at about 1 a.m. Officer Robert Pavelchick and Sergeant Thomas Burnett of the Darien police department, in separate squad cars, saw defendant driving on 75th Street at 10 to 15 miles per hour in a 45-mile-per-hour zone. When defendant went

through a red light without stopping the officers halted him and asked to see his driver's license. Defendant had difficulty finding the license and first handed the officers a credit card. He had trouble standing and hung onto the car door, swayed unsteadily and was hesitant in performing the finger to nose test. The officers noticed defendant's hair was mussed, his nose red, eyes bloodshot and he appeared drowsy and confused. There was a strong odor of alcohol on defendant's breath and his speech was slurred. Defendant was then placed under arrest for driving while under the influence of intoxicating liquor and transported to the police station. He was there advised of his *Miranda* rights and questioned and the officers testified defendant was confused as to the street on which he had been driving and the day of the week; he also told the officers he had been drinking for the three hours prior to being stopped by them. The officers both testified it was their opinion defendant was intoxicated, based upon their police experience of 16 years and four years, respectively. Evidence was also presented that defendant was requested to take a breathalyzer test and after seeing the results of the first of the required two tests, he declined to complete it. Defendant did not testify, and the evidence presented by the State was uncontradicted.

The trial court granted defendant's motion for a directed verdict to the charge of driving while under the influence of liquor and, on stipulation of the parties, considered the same evidence for purposes of the implied consent hearing. It then found the arresting officers lacked probable cause to believe defendant drove while under the influence of intoxicating liquor and directed the Secretary of State not to suspend defendant's driving privileges.

### People v. David Holleb

Defendant David Holleb waived trial by jury and, after the close of the State's case in a bench trial before Associate Judge Duane Walter, the court directed a verdict of not guilty to the offense of driving while under the influence of intoxicating liquor (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501(a)). The parties stipulated that the testimony of the arresting officers could be considered in the implied consent hearing which followed the trial.

Officers Michael Sullivan and James McGinley of the Wheaton police department testified they had responded to a disturbance call in downtown Wheaton at 6 p.m. on September 11, 1981. Defendant was in the parkway and Sullivan testified defendant walked into a tree and bounced off. The officer approached defendant and noticed a strong odor of alcohol on him. Officer McGinley observed defendant

arguing with another man and stated he was unsteady on his feet. He also noticed an alcohol odor and that defendant swayed while walking, had bloodshot eyes, slurred speech and spoke in a combative manner. The officers suggested that defendant go back into the office and have some coffee; they advised him he was in no condition to drive and if he did so they would arrest him. Defendant did then accept a cup of coffee from Officer McGinley and went inside the office. The officers testified, however, that five minutes later defendant came out of the building and drove off in an auto. The officers followed and observed defendant drive across the center line twice and the curb line once whereupon they stopped him and asked to see his driver's license. Defendant still emanated a strong alcoholic odor and he was unable to perform the finger to nose test or to understand how to perform the straight line walking test. He was arrested and taken to the county jail where he refused to take a breathalyzer test. Each of the officers expressed his opinion that defendant was under the influence of intoxicating liquor.

The trial court ruled as follows:

"The only question arises [*sic*] is whether or not the arresting police officer had reasonable grounds to believe that the defendant was intoxicated. It is the opinion of the court, as before, that the police officer had a reasonable ground or had made up his mind prior to the defendant getting into the car. I don't think that the officer would have stopped him unless he knew of this condition prior to getting into the car. If this officer had never talked to the defendant prior to his entering the car, I doubt if he would have every [*sic*] stopped him; therefore, I don't think there is reasonable cause.

I'm not condemning the officer. He saw a guy in a drunken state or, I don't know if he was in a drunken state. He saw a guy he believed to be intoxicated, drew up his opinion at that time, and when he saw him driving, he stopped him."

In each of these four cases, we conclude that the finding by the trial court that the arresting officer did not have reasonable grounds to believe defendant was driving while under the influence of intoxicating liquor was contrary to the manifest weight of the evidence.

An implied consent hearing is limited in scope and "shall cover only the issues of whether the person was placed under arrest for an offense as defined in Section 11—501 of this Act or a similar provision of a municipal ordinance, whether the arresting officer had reasonable grounds to believe that such person was driving while under the influence of intoxicating liquor, whether the person was informed orally and in writing as provided in Paragraph (a) that his privilege to oper-

ate a motor vehicle would be suspended if he refused to submit to and complete the test and whether, after being so advised, he refused to submit to and complete the test upon request of the officer." (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1(d); *People v. Malloy* (1979), 76 Ill. 2d 513, 517, 395 N.E.2d 381.) In these cases there can be no question that the defendants were arrested for driving while under the influence of liquor; that each was fully informed of the provisions of the implied-consent statute for suspension of driving privileges and that each defendant refused to complete the breathalyzer test requested of him. Nor is there, in our view, an arguable question under the evidence that the arresting officers had reasonable grounds to believe each defendant was driving while under the influence of liquor.

■ "Reasonable grounds" and "probable cause" for purposes of arrest are synonymous (*People v. Peak* (1963), 29 Ill. 2d 343, 347-48, 194 N.E.2d 322; *People v. Helms* (1978), 67 Ill. App. 3d 729, 733, 385 N.E.2d 127) and is present where the facts and circumstances known to the arresting officers are sufficient to warrant a man of reasonable caution to believe an offense has been committed by the person arrested. This standard requires more than mere suspicion, but does not require the officer to have in hand evidence sufficient to convict. (*People v. Moody* (1983), 94 Ill. 2d 1.) Arguably, the requirement of section 11—501.1(d) of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1(d)) that the officer have reasonable grounds to *believe,* rather than to arrest, for driving while intoxicated may suggest a lesser burden of proof; however, we consider the evidence in these cases under the more settled standards pertaining to arrest. The determination of whether an officer has sufficient information on which to properly act is based upon all of the facts and circumstances of each case and in a manner which is not unduly technical. *People v. Hanna* (1969), 42 Ill. 2d 323, 329, 247 N.E.2d 610, *cert. denied* (1970), 399 U.S. 929, 26 L. Ed. 2d 796, 90 S. Ct. 2229; *People v. Bean* (1979), 73 Ill. App. 3d 918, 922, 392 N.E.2d 650, *aff'd* (1981), 84 Ill. 2d 64, 417 N.E.2d 608.

■ Defendants Lee and Weidel entered pleas of guilty to the offenses of driving while intoxicated with which they were charged. Such admissions were relevant to the requirement of proof in the implied consent hearing that the arresting officers had reasonable grounds to believe defendants were driving in that condition. (*People v. Powell* (1982), 107 Ill. App. 3d 418, 419, 437 N.E.2d 1258; *People v. Morrissey* (1975), 30 Ill. App. 3d 566, 568, 333 N.E.2d 33.) These defendants also exhibited the usual indications of intoxication at the time of their arrests, and when requested to take breathalyzer tests,

in that they had difficulty walking and smelled of alcohol. Lee also had glassy, bloodshot eyes and hung onto the car for support when standing; Weidel's speech was slurred and he could not perform a test of his coordination; he also acknowledged to the officers and others that he was intoxicated. Both defendants advised the officers they had driven automobiles involved in accidents shortly before their arrests. The probability that some portion of Weidel's appearance and conduct was caused by the accident appears remote, as he had told the officer he was not injured. Circumstances observed after the act of driving offer reasonable grounds upon which to conclude a defendant was driving while intoxicated, as after an accident or where defendant is intoxicated and admits he was driving. (*People v. Uselton* (1978), 64 Ill. App. 3d 383, 385, 380 N.E.2d 1202; *People v. Wright* (1977), 49 Ill. App. 3d 356, 358, 364 N.E.2d 355.) Circumstantial evidence can be sufficient to establish probable cause in such cases. *People v. Johnson* (1976), 40 Ill. App. 3d 982, 983, 353 N.E.2d 130, 131; *People v. Toler* (1975), 32 Ill. App. 3d 793, 800, 336 N.E.2d 270.

■ ■ Defendants Bafia and Holleb, although found not guilty of the offense of driving while intoxicated by the trial court, also clearly exhibited those indicia of intoxication which may give rise to a reasonable belief on the part of the arresting officer sufficient to meet the requirement of section 11—501.1(d) of the Vehicle Code. The officers saw these defendants driving their vehicles and under the evidence presented it seems apparent defendants were intoxicated. Bafia acknowledged he had been drinking for three hours prior to being stopped after going through a stop light. The officers gave opinion evidence, based upon defendant's appearance and conduct, that he was intoxicated. No contradicting evidence was offered for consideration by the trial court. Holleb's appearance and conduct, also not contradicted, well supported the opinions of the witnesses he was intoxicated. They also observed this defendant twice cross the center line of the road into the opposite lane and drive onto the right shoulder of the road. The trial court apparently concluded the officers improperly decided Holleb was intoxicated before they saw him drive and, therefore, could not properly arrest him for driving while intoxicated on that basis. We do not agree with this reasoning and find no basis upon which it may be supported. (See *People v. Wright* (1977), 49 Ill. App. 3d 356, 364 N.E.2d 355.) Section 11—501.1(d) requires only that the officer have a reasonable belief defendant was driving while intoxicated, and the sequence of events leading to that belief is not relevant.

■ Accordingly, we reverse the findings of the trial court in each

case as against the manifest weight of the evidence and remand with directions that findings of reasonable cause be entered by the trial court.

Reversed and remanded.

SEIDENFELD, P.J., and LINDBERG, J., concur.