THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
WILLIAM WOLSK, Defendant-Appellee.

First District (2nd Division)   No. 82—1201

Opinion filed September 13, 1983.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Bruce A. Cardello, and Matthew J. Egan, Assistant State's Attorneys, of counsel), for the People.

Steven Clark and Phillip J. Zisook, both of State Appellate Defender's Office, of Chicago, for appellee.

PRESIDING JUSTICE DOWNING delivered the opinion of the court:

The State appeals pursuant to Supreme Court Rule 604(a)(1) (87 Ill. 2d R. 604(a)(1)), contesting the propriety of an interlocutory order entered by the trial court granting defendant's motion to suppress evidence of weapons and various controlled substances seized from his person and automobile. A summary of the pertinent facts follows.

On February 7, 1982, at approximately 1:15 a.m., Officer Baron of the Skokie police department was dispatched to the scene of an automobile accident in the vicinity of 7606 N. Karlov in the Village of Skokie. Upon arrival, Officer Baron observed defendant, William Wolsk, seated behind the wheel of his car. In addition, he noticed an oriental gentleman standing near defendant's vehicle. Officer Radom of the Skokie police department also responded to the report of this accident, and arrived at the scene shortly after Officer Baron. Officer Radom observed that defendant's car, as well as the parked, unoccupied vehicle which defendant admitted he crashed into, were extensively damaged. The initial impact of this accident occurred when the right front end of defendant's car struck the left rear portion of the other vehicle parked curbside along Karlov Avenue.

After forming the opinion that defendant was "definitely intoxicated," Officer Radom placed him under arrest for driving under the influence of intoxicating liquor or narcotic drugs (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501), read him the *Miranda* warnings, and transported him to the Skokie police department for processing. Upon arrival at the booking area of the police station, Officer Radom conducted an in-custody search of defendant which revealed several different types of narcotics, including valium, cocaine, methoqualone and tuinal.

Since the wheel well of defendant's car was smashed against the tire, it was necessary for Officer Baron to call for a tow truck. After filling out the tow slips, Officer Baron returned to the station to report the information concerning vehicle identification. At this point, Officer Radom informed Officer Baron of the controlled substances found on defendant's person. Officer Baron thereupon arranged for defendant's car to be towed to the police station for inventory.

At approximately 1:45 a.m., the tow truck arrived with defendant's car and backed it into the police garage. After the vehicle was unhooked, Officer Baron went to close the trunk lid which he had seen bouncing up and down when the car was backed into the garage. As he proceeded to slam the trunk lid shut, Officer Baron noticed a clear plastic bag, measuring approximately 16 inches long, 12 inches wide and three inches deep, which contained a "crusty plant-type" substance. A further search of the trunk revealed many other such bags filled with the crushed green plant. Two switchblade knives were also found in the trunk, along with an unlatched suitcase out of which portions of other plastic bags protruded. Inside this suitcase, Officer Baron found still more of these clear plastic bags containing the crushed green plant. A search of the passenger compartment revealed a large amount of currency found lying on the floor in front of the driver's seat. A total of 22 bags of cannabis were recovered from defendant's vehicle during Officer Baron's search that night.

Defendant was thereupon charged with one count of possession of cannabis (Ill. Rev. Stat. 1981, ch. 56½, par. 704(c)); one count of delivery of cannabis (Ill. Rev. Stat. 1981, ch. 56½, par. 705(e)); six counts of possession of a controlled substance (Ill. Rev. Stat. 1981, ch. 56½, par. 1402(b)); two counts of unlawful use of weapons (Ill. Rev. Stat. 1981, ch. 38, par. 24—1(a)(1)); one count of driving under the influence of intoxicating liquor or narcotic drugs (Ill. Rev. Stat. 1981, ch. 95½, par. 11—501); and, one count of leaving the scene of an accident involving damage to vehicle (Ill. Rev. Stat. 1981, ch. 95½, par. 11—402).

At the May 4, 1982, pretrial hearing on defendant's motion to quash arrest and suppress evidence, defendant took the stand and asserted that, as he was driving on the early morning of February 7, 1982, he slid on ice and collided with a parked vehicle; he then circled the block; and, after stopping his car, he was approached by a man who proceeded to hit him in the face.

The trial court believed this assertion and thereby granted defendant's motion to suppress, ruling that the police officers lacked probable cause to arrest defendant for driving while under the influence of

an intoxicating substance. It is from this interlocutory suppression order that the State now appeals.

I

■ The threshold issue for consideration is whether a proper appeal can be taken from the suppression order entered on May 4, 1982, in light of defendant's contention that a *nolle prosequi* was entered on all charges then pending against defendant.

When a defendant's motion to quash arrest and suppress evidence is granted, and when an order of nol pros is entered on each charge pursuant to the State's motion, the State cannot then appeal from the interlocutory suppression order where it has failed to appeal from either (1) the final order that nol prossed the complaints; or (2) the denial of the motion to vacate this final order. *People v. Zeigler* (1982), 106 Ill. App. 3d 783, 784, 436 N.E.2d 722.

In the case at bar, following the trial court's suppression ruling as to the possessory offenses, it noted that two nonpossessory misdemeanor charges were still pending. Defendant thereupon entered a plea of not guilty. The State requested a continuance in order to locate the complainant-owner of the damaged parked vehicle; however, the court immediately denied this motion. It was at this point that the following colloquy took place:

"[THE STATE]: Motion State *nolle pros.*

[THE DEFENDANT] Defendant demands trial.

THE COURT: Motion to suppress sustained on all drug charges.

Motion *nolle pros* on the others."

Two days later, on May 6, 1982, the trial court denied the State's motion to redocket the Wolsk case for the morning call, and went on to state: "The Court considers that all charges were *nolle prossed.* Nothing else having been said, the Court would make that finding of fact."

A review of the record before us manifests equivocality as to the intended application of the May 4 nol-pros motion on its face; for, no specification was provided by the State either preceding or following the statement "Motion State *nolle pros.*" However, the trial court's subsequent response "Motion to suppress sustained on all drug charges. Motion nolle pros on the others," is indicative that the order of nol pros did not apply to any of the possessory charges brought against defendant. It can reasonably be inferred, therefore, that this nol-pros order applied only to defendant's "other" two nonpossessory misdemeanor offenses of driving under the influence of an intoxicat-

ing substance and leaving the scene of an accident. This inference is further supported by the State's May 6 attempt to correct the trial court's misapprehension as to the ruling it made two days earlier:

> "[THE STATE]: If your Honor will recall, the People made no comment as to the felony cases whatsoever. The whole issue was on the misdemeanor cases once I was compelled to go to trial.
>
> \*\*\*
>
> \*\*\* for clarity of the record, the People never at any time on record nolle prossed the felony cases."

As a result, we are of the opinion that, unlike the situation in *Zeigler* where all charges against defendant were nol prossed, the present appeal from the interlocutory suppression order is properly before us in accordance with Supreme Court Rule 604(a)(1) (87 Ill. 2d R. 604(a)(1)).

## II

Next, we consider the State's contention that it was improper for the trial court to enter an order suppressing the incriminating evidence seized from defendant's person and automobile. At the outset, we note that the standard for appellate review of a motion to suppress is whether the trial court's ruling was clearly erroneous. *People v. Clark* (1982), 92 Ill. 2d 96, 99, 440 N.E.2d 869.

## A

■ The State initially maintains that the Skokie police officers had probable cause to arrest defendant for driving while under the influence of an intoxicating substance. We agree.

Probable cause for purposes of arrest is present when the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a man of reasonable caution to believe that an offense has been committed, and that the person arrested has committed the offense. (*People v. Lippert* (1982), 89 Ill. 2d 171, 178, 432 N.E.2d 605, *cert. denied* (1982), 459 U.S. 841, 74 L. Ed. 2d 85, 103 S. Ct. 92.) Although "mere suspicion" that the person arrested has committed the offense is an insufficient basis for arrest, it is well settled that the probable cause standard does not require the arresting officers to have in their hands evidence sufficient to convict the defendant. *People v. Moody* (1983), 94 Ill. 2d 1, 7, 445 N.E.2d 275; *People v. Marino* (1970), 44 Ill. 2d 562, 573, 256 N.E.2d 770.

A determination as to whether or not probable cause for an arrest exists in a particular case depends upon the "totality of the facts and

circumstances known to the officers when the arrest was made." (*People v. Clay* (1973), 55 Ill. 2d 501, 504, 304 N.E.2d 280, quoted in *People v. Creach* (1980), 79 Ill. 2d 96, 102, 402 N.E.2d 228, *cert. denied* (1980), 449 U.S. 1010, 66 L. Ed. 2d 467, 101 S. Ct. 564.) In deciding the question of probable cause in any given case, the courts are not to be unduly technical; rather, they are to deal with probabilities— the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. *People v. Clay* (1973), 55 Ill. 2d 501, 505, 304 N. E. 2d 280.

Furthermore, we note that during any probable cause analysis, police officers are often required to act upon a quick appraisal of the date before them. As a consequence, the reasonableness of their conduct must be judged on the basis of their responsibility to prevent crime and to apprehend criminals. *People v. Robinson* (1976), 62 Ill. 2d 273, 277, 342 N.E.2d 356, quoting *People v. Watkins* (1960), 19 Ill. 2d 11, 19, 166 N.E.2d 433, *cert. denied* (1960), 364 U.S. 833, 5 L. Ed. 2d 59, 81 S. Ct. 57.

In the present case, the evidence adduced at trial corroborated Officer Radom's conclusion that defendant was "definitely intoxicated" as a result of ingestion of alcohol or drugs, or both. For, when asked to produce his driver's license, defendant was unable to comprehend the nature of this simple request; his speech was slurred and "thick-tongued"; his breath had a faint odor of what the officer believed was alcohol; his pants were unzipped and the rest of his clothes were in disarray; and, when defendant finally got out of the car, he was "wobbly," needed help in standing up, and had to be leaned against the car so that he would not fall on the ground.

In the face of all of these undisputed facts, the trial court nonetheless reasoned that defendant's physical condition was brought about by: (1) the accident with the parked vehicle; and (2) the man who allegedly hit defendant for running into his car and then driving away. The court thus concluded that there existed no probable cause to arrest defendant for driving under the influence of intoxicating liquor or narcotic drugs.

We disagree with this ruling, and find no basis upon which it may be sustained in light of the totality of facts and circumstances known to the Skokie police officers at the time of the arrest. (*People v. Clay* (1977), 55 Ill. 2d 501, 504; *People v. Creach* (1980), 79 Ill. 2d 96, 102.) Moreover, we find that the cases cited by defendant in support of the trial court's ruling are readily distinguishable in that these decisions involve accidents and injuries of far greater severity than the circumstances involved herein: *People v. Thomas* (1975), 34 Ill. App. 3d 576,

340 N.E.2d 174, where defendant sustained intracerebral hematoma after driving over a fire hydrant and literally wrapping his car around a lightpole; *People v. Winfield* (1973), 15 Ill. App. 3d 688, 304 N.E.2d 693, where defendant was rendered unconscious as a result of an impact of sufficient force to detach the steering wheel and bend the left front wheel under the body of the car; and *People v. Clark* (1970), 123 Ill. App. 2d 41, 259 N.E.2d 636, where defendant was rendered unconscious as a result of an impact which caused his head to smash through the windshield.

It is well established that a police officer, arriving at the scene of an accident, can have probable cause to arrest a defendant for driving under the influence of an intoxicating substance despite never actually having seen him drive; for, the officer need only have a reasonable belief to form an opinion that, based on his experience, defendant was under the influence of narcotic drugs or alcohol, or both. *People v. Bafia* (1983), 112 Ill. App. 3d 710, 717, 445 N.E.2d 878; *People v. Flores* (1976), 41 Ill. App. 3d 96, 100, 353 N.E.2d 131.

From our review of the record in the present case, it is readily discernible that the trial court obstinately disregarded material facts indicative of a state of inebriation which would justify a reasonable belief, as opposed to a mere suspicion, that defendant had been driving while under the influence of an intoxicating substance. (*People v. Lippert* (1982), 89 Ill. 2d 171, 178; *People v. Moody* (1983), 94 Ill. 2d 1, 7.) Considering defendant's physical condition, as well as his mental stupor at the time of the arrest, we believe Officer Radom and Officer Baron had probable cause to arrest defendant and, were they to refrain from doing so, the police officers would have been derelict in their duty to protect the public from such a dangerous nuisance. (See *People v. Blitz* (1977), 68 Ill. 2d 287, 294, 369 N.E.2d 1238, *cert. denied* (1978), 435 U.S. 974, 56 L. Ed. 2d 68, 98 S. Ct. 1622.) It is our opinion, therefore, that the trial court erred when it made its unduly technical finding of no probable cause to arrest.

### B

■ The State further contends that it was manifestly erroneous for the trial court to suppress the incriminating evidence seized from defendant's person. As we have already indicated the proper standard to be applied for appellate review of a motion to suppress is whether the trial court's ruling was clearly erroneous. *People v. Clark* (1982), 92 Ill. 2d 96, 99.

When a lawful custodial arrest is effectuated, a full search of defendant's person is not only an exception to the warrant require-

ment of the fourth amendment to the United States Constitution, but is also a "reasonable" search under that amendment. (*United States v. Robinson* (1973), 414 U.S. 218, 235, 38 L. Ed. 2d 427, 441, 94 S. Ct. 467, 477.) Such a full search of the person incident to a lawful arrest, therefore, requires no additional justification, *e.g.*, the police actually fearing for their safety. 414 U.S. 218, 235, 38 L. Ed. 2d 427, 441, 94 S. Ct. 467, 477; see also *New York v. Belton* (1981), 453 U.S. 454, 461, 69 L. Ed. 2d 768, 775, 101 S. Ct. 2860, 2864.

Section 108—1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 108—1) provides that when a lawful arrest is made by a police officer, the officer may reasonably search the person arrested for the purpose of discovering the fruits of the crime, or any instruments, articles or things which may have been used in the commission of, or which may constitute evidence of, an offense. In addition, the fact that the search is conducted at the police station, rather than at the place of arrest, does not by itself render the search invalid. *People v. Seymour* (1981), 84 Ill. 2d 24, 33, 416 N.E.2d 1070; see generally *United States v. Edwards* (1974), 415 U.S. 800, 803, 39 L. Ed. 2d 771, 775, 94 S. Ct. 1234, 1237.

Immediately following the arrest in the present case, Officer Radom read defendant the *Miranda* warnings, and then transported him to the Skokie police department for processing. Upon arrival at the booking area of the police station, Officer Radom conducted a routine in-custody search of defendant which revealed several different types of narcotics on his person, including valium, methoqualone, cocaine and tuinal.

Since there existed probable cause to arrest defendant for driving while under the influence of an intoxicating substance, we are convinced that Officer Radom acted properly in conducting a search of defendant's person in order to discover anything which may have constituted evidence of the offense charged. (Ill. Rev. Stat. 1981, ch. 38, par. 108—1.) The police officer seized narcotic drugs from defendant's person pursuant to a reasonable search incident to a lawful arrest. Therefore, we hold that the trial court's interlocutory order suppressing this incriminating evidence was clearly erroneous.

### C

█ Next, the State maintains that there existed probable cause to conduct a warrantless search of defendant's automobile; thus, it is urged that the cannabis and weapons obtained therefrom should have been ruled admissible. We agree.

It is well recognized that when police officers have probable cause

to believe that there is incriminating evidence inside an automobile, the officers may conduct a warrantless search of the vehicle, even after it is in police custody. (*Colorado v. Bannister* (1980), 449 U.S. 1, 3, 66 L. Ed. 2d 1, 3-4, 101 S. Ct. 42, 43; *Chambers v. Maroney* (1970), 399 U.S. 42, 52, 26 L. Ed. 2d 419, 428-29, 90 S. Ct. 1975, 1981.) The justification to conduct such a warrantless vehicular search does not vanish once the car has been immobilized; nor does it depend upon a reviewing court having to surmise that the car's contents would have been tampered with during the period required for procurement of a search warrant. *Michigan v. Thomas* (1982), 458 U.S. 259, 261-62, 73 L. Ed. 2d 750, 753, 102 S. Ct. 3079, 3081.

In *United States v. Ross* (1982), 456 U.S. 798, 823, 72 L. Ed. 2d 572, 592, 102 S. Ct. 2157, 2171, the Supreme Court held that when police have probable cause prior to instituting any warrantless vehicular search, they may search the interior compartment and trunk, as well as any luggage, container or package that might reasonably hold the object for which they had probable cause to search.

Illinois decisional law provides that to establish probable cause to search, "it must be shown that the totality of the facts and circumstances known to the officer at the time of the search would justify a reasonable person in believing that contraband was present in the automobile. [Citations.]" *People v. Clark* (1982), 92 Ill. 2d 96, 100, 440 N.E.2d 869, quoted in *People v. Smith* (1983), 95 Ill. 2d 412, 419, 447 N.E.2d 809.

Here, the evidence adduced at trial showed that Officer Baron had probable cause to search the interior compartment and trunk of defendant's car, as well as the unlatched suitcase contained therein. The facts, as previously described in this opinion, clearly establish probable cause under *Clark* and *Smith* to believe that defendant's vehicle contained contraband. Thus, in accordance with *Ross*, the police officer was entitled to search the car, as well as any closed containers carried therein that might hold drugs or drug-related paraphernalia.

Although the search involved in this case occurred almost four months before the *Ross* decision was handed down, we note that the Supreme Court recently held that decisions adopting new interpretations of the fourth amendment are to be applied retrospectively to all cases not yet final at the time the decision was rendered. (*United States v. Johnson* (1982), 457 U.S. 537, 562, 73 L. Ed. 2d 202, 222, 102 S. Ct. 2579, 2594.) Such retrospective application thereby permits us to resolve the instant case "in light of our best understanding of governing constitutional principles" (*Mackey v. United States* (1971), 401 U.S. 667, 679, 28 L. Ed. 2d 404, 413, 91 S. Ct. 1160, 1173

(Harlan, J., concurring in part, dissenting in part)), in order that we may further "the goal of treating similarly situated defendants similarly." *United States v. Johnson* (1982), 457 U.S. 537, 538, 73 L. Ed. 2d 202, 205, 102 S. Ct. 2579, 2581.

In essence, the warrantless vehicular search in the present case was justified in view of the totality of facts and circumstances known to Officer Baron at the time of the search. (*People v. Smith* (1983), 95 Ill. 2d 412, 419, 447 N.E.2d 809.) We are of the opinion, therefore, that the 22 plastic bags of cannabis, as well as the two switchblade knives, recovered from defendant's car did not violate the fourth amendment's warrant requirement. Accordingly, the trial court's interlocutory order suppressing this incriminating evidence was clearly erroneous. *People v. Clark* (1982), 92 Ill. 2d 96, 99.

### III

■ Under the authority of section 8 of "An Act concerning fees and salaries ***" (Ill. Rev. Stat. 1981, ch. 53, par. 8) and *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, we assess defendant $50 in costs for the State's prosecution of this appeal, and hereby incorporate it as part of this judgment. We deny the State's request for an additional $25 for oral argument. This denial is predicated on our interpretation of the *per diem* provision of the statute ("For each day actually employed in the trial of a case, $25") as referring to an actual trial in the circuit court, not to an oral argument on appeal.

For the reasons set out herein, we reverse the trial court's suppression order, and remand this cause to the circuit court of Cook County for further proceedings.

Reversed and remanded.

STAMOS and HARTMAN, JJ., concur.