THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MATTHEW T. DOHERTY, Defendant-Appellee.

Second District No. 85—0343

Opinion filed June 20, 1986.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner and Judith M. Pietrucha, Assistant State's Attorneys, of counsel), for the People.

John B. Swain, of Wheaton, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

Following a hearing conducted pursuant to the implied-consent provisions of section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1), the trial court found that the State had failed to produce evidence that the defendant refused to sub-

mit to a breathalyzer test and, thus, granted the defendant, Matthew Doherty, his motion to dismiss the State's petition. The State appeals from that decision, contending that the trial court's finding is against the manifest weight of the evidence. For the reasons set forth below, we reverse.

At the hearing, Officer Petrick of the Carol Stream police department testified that on August 25, 1984, he received a dispatch concerning a possible drunk driver on North Avenue. He received a description of the vehicle and subsequently observed a blue AMC Alliance heading eastbound on North Avenue. He observed it make numerous lane changes without signaling. Officer Petrick activated his siren and stopped the car.

The officer asked the driver, later determined to be the defendant, to roll down his window. At this time he noticed the odor of alcohol and vomit. The officer then asked the defendant to exit the vehicle which the defendant could not do without bracing himself against the door and roof of the car. The officer also observed vomit and an empty beer can in the vehicle.

On this basis the officer arrested the defendant for driving under the influence of alcohol and read him the implied-consent warnings. The officer then transported the defendant to the station where he again advised the defendant of the implied-consent warnings. At the station the defendant agreed to take the breathalyzer test. Officer Blaha, the breathalyzer operator, first instructed the defendant on the correct procedure. The defendant then took the mouthpiece, but did not seal his lips around it, and thus, when he blew threw it, air escaped around the mouthpiece. The officers allowed the defendant 8 to 10 attempts. With each attempt, however, the defendant did not make a proper seal over the mouthpiece, and air escaped around it. Consequently, the machine registered no reading.

At trial the defendant pleaded guilty to charges of driving under the influence of alcohol in violation of section 11-501(2) of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)(2)) and improper lane usage. The trial court placed him on supervision for one year and ordered him to pay a fine. In its dismissal of the State's implied-consent petition, the court held that the defendant consented and attempted to take the test, but was unable to complete it and, therefore, did not refuse to take the test.

The sole issue on appeal is whether the defendant's conduct constituted a refusal to take a breathalyzer test for purposes of the Illinois implied-consent statute (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1). Specifically, the State contends that we should categorize Doherty's

actions as the kind of failure to follow instructions we have previously held tantamount to a refusal, rather than merely as a physical inability to complete the test following a prior consent. See *People v. Schuberth* (1983), 115 Ill. App. 3d 302.

Section 11—501.1 of the Illinois Vehicle Code provides, in pertinent part, that:

"(a) Any person who drives or is in actual physical control of a motor vehicle upon the public highways of this State shall be deemed to have given consent *** to a chemical test or tests of blood, breath, or urine for the purpose of determining the alcohol *** content of such person's blood if arrested [for driving under the influence of alcohol] ***.

(b) Any person who is dead, unconscious or who is otherwise in a condition rendering such person incapable of refusal, shall be deemed not to have withdrawn the consent provided by paragraph (a) of this Section ***.

(c) A person requested to submit to a test as provided above shall be warned by the law enforcement officer requesting the test that a refusal to submit to the test will result in suspension of such person's license to operate a motor vehicle for six (6) months for the first such arrest and refusal and a suspension of such privilege for 12 months for the second and each subsequent such arrest and refusal within 5 years." Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1.

■ Illinois courts have consistently held that section 11—501.1 should be liberally construed to accomplish its purpose of protecting the citizens of Illinois upon the highways. (*People v. Ellerbusch* (1983), 118 Ill. App. 3d 500, 503.) Thus, the courts have found an effective refusal to submit to the test, even in the absence of an express refusal, where the driver expressly consents to the test but only feigns performance of the test (*People v. Schuberth* (1983), 115 Ill. App. 3d 302); where the driver is so intoxicated at the time she is requested to take the test that she later has no memory of the request (*People v. Solzak* (1984), 126 Ill. App. 3d 119); and where the driver is so intoxicated at the time he is requested to take the test that he cannot even comprehend the request (*People v. Carlyle* (1985), 130 Ill. App. 3d 205).

■ In an implied-consent hearing, the State has the burden of proving by a preponderance of the evidence that the person to whom the request to take an intoxication test was given refused to submit to the test. (*People v. Schuberth* (1983), 115 Ill. App. 3d 302, 304.) A decision of the trial court in an implied-consent hearing will not be overturned on appeal unless it is contrary to the manifest weight of the

evidence. (*People v. Schuberth* (1983), 115 Ill. App. 3d 302, 304.) A fundamental of statutory construction is to ascertain the intention of the legislature and then to give effect to it. (*People v. Rink* (1983), 97 Ill. 2d 533, 539.) Finally, the purpose of the Illinois implied-consent statute is to assist in the determination of whether motor-vehicle drivers suspected of intoxication are in fact under the influence of alcohol and to make the streets and highways of this State safer for its citizens by making prosecution of intoxicated drivers easier and by suspension of driver's licenses upon refusal to submit to an intoxication test. *People v. Carlyle* (1985), 130 Ill. App. 3d 205; see also *People v. Rolfingsmeyer* (1984), 101 Ill. 2d 137, 139.

At the hearing the trial judge found that the defendant in fact consented to take the test. He also concluded:

"For some reason, the exact nature which is undetermined by the court, he was unable to complete the test. He attempted eight or nine times to blow into the machine and that for some reason, * * * the persons operating the machine felt that the blow was not adequate, or at least the machine was not responding as they expected it to."

We note first that to the extent the trial court's comments indicated that the breathalyzer malfunctioned, they find no support in the record and, therefore, will be disregarded for purposes of this appeal. We must next determine whether the trial court's decision was against the manifest weight of the evidence. The record here shows that on the night Officer Petrick encountered the defendant, he was in such an intoxicated state that he could not walk without holding onto his vehicle. The officer testified he did not ask the defendant to perform any sobriety tests at the scene because he was afraid that Doherty would fall down and hurt himself on the pavement. Later at the station, the defendant was unable to perform the breathalyzer tests.

In support of the trial court decision, Doherty asserts that a conscious, but an extremely intoxicated defendant, who was unable to perform the simple test required in a breath test, should be classified in the same category as an unconscious defendant for purposes of the implied-consent law. The evidence also shows, however, that when requested to take the test at the police station, the defendant requested time to think it over. We are of the opinion that a man who requests time to think over whether to take a breathalyzer test, and then agrees, should not be classified in the same category as someone who is unconscious.

While it is undisputed Doherty initially consented to the test, he also, however, failed to ultimately comply with the officer's instruction

so as to complete a test that yielded blood-alcohol readings. (*People v. Naseef* (1984), 127 Ill. App. 3d 70.) Other jurisdictions have also considered such conduct in a similar context to constitute a refusal. See *Poag v. Powell* (1979), 39 N.C. App. 363, 250 S.E.2d 93 (failed to give sufficient air sample); *Woolman v. State Department of Motor Vehicles* (1976), 15 Wash. App. 115, 547 P.2d 293; and *Turner v. State Department of Motor Vehicles* (1975), 14 Wash. App. 333, 541 P.2d 1005 (failure to blow enough air into machine after consent).

■ In light of the foregoing authority and the evidence presented, we conclude that defendant's conduct was a refusal to submit to a breathalyzer test for purposes of the Illinois implied-consent statute, and, thus, the finding of the trial court was against the manifest weight of the evidence. In this case the defendant presented no evidence, aside from his intoxication, that he was physically unable to take the breathalyzer test (see *People v. Reynolds* (1985), 132 Ill. App. 3d 559), and, as we discussed previously, the evidence showed that defendant's intoxication should not have prevented him from performing the simple task required, contrary to defendant's assertion.

In any case, it is the prime purpose of the implied-consent statute to provide objective evidence of the offense of driving under the influence of intoxicating liquors. (*People v. Malloy* (1980), 83 Ill. App. 3d 344, 347.) If a defendant may circumvent the requirements of the statute by failing to complete the test *because* he is intoxicated, the purpose of the law would clearly be emasculated. (See *People v. Schuberth* (1983), 115 Ill. App. 3d 302, 305.) Furthermore, to suspend the driving privileges of a person who is so intoxicated he cannot even respond to an officer's request to submit to a breathalyzer test (*People v. Carlyle* (1985), 130 Ill. App. 3d 205), yet to fail to suspend the license of a person who is so intoxicated he ultimately does not complete the test, would lead to the absurd result of exempting from the statutory coverage the precise class of persons—the drunk drivers—whom the implied-consent statute was intended to determine and remove from our highways. *State v. McElwain* (1972), 81 Wash. 2d 624, 496 P.2d 963.

Accordingly, the judgment of the circuit court is reversed and the cause remanded to the circuit court for the entry of a finding that the defendant refused to submit to the breathalyzer test.

Reversed and remanded.

NASH, P.J., and UNVERZAGT, J., concur.