THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
RICHARD L. POWELL, Defendant-Appellee.

Second District    No. 81-778

Opinion filed June 30, 1982.

Tyrone C. Fahner, Attorney General, of Chicago (Ronald Bell, Assistant Attorney General, of counsel), for the People.

Callum, Anderson and Deitsch, of Wheaton, for appellee.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Richard L. Powell received supervision and was assessed a fine of $750 with costs upon entering a guilty plea to driving a vehicle while under the influence of intoxicating liquor. (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.) In a subsequent implied consent hearing the trial court granted defendant's motion for a directed finding of no probable cause

and subsequently denied the State's motion for a new hearing. The State appeals, contending that the court erred in rejecting the plea of guilty to the DWI charge as a judicial admission in the implied consent proceeding, erred in various trial rulings, and erred in directing a verdict for the defendant as against the manifest weight of the evidence.

I

■■■ Defendant's initial contention that he did not admit that he drove while intoxicated but stipulated that the State would present certain evidence is unsupported. The record clearly shows that defendant agreed to change his plea to guilty rather than to have a stipulated bench trial, and that he was admonished as to the consequences of the guilty plea. A guilty plea to a traffic offense is a judicial admission which, although not conclusive, is proper evidence against him in a civil proceeding arising from the same incident. (*Hartigan v. Robertson* (1980), 87 Ill. App. 3d 732, 738.) Here, the guilty plea admits that the defendant was driving a motor vehicle on a public highway within the State while under the influence of intoxicating liquor. (*People v. Morrissey* (1975), 30 Ill. App. 3d 566, 568.) The admission is relevant to the requirement of proof in an implied consent hearing that the arresting officer had reasonable cause to believe that the defendant was driving the motor vehicle within the State while under the influence of intoxicating liquor. Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1(d).

■■ The question remains whether the guilty plea may be used as an admission when, as here, the underlying DWI charge has been finally dismissed without adjudication of guilt after the defendant has received supervision. We conclude that it may be so used.

It has been held that an admission in a pleading in a former action which has been dismissed is admissible against a party. (*Bevelheimer v. Gierach* (1975), 33 Ill. App. 3d 988, 995-96.) The fact that the DWI charge was finally dismissed does not predetermine, in the implied consent hearing, whether the arresting officer had reasonable grounds to believe that the defendant was driving under the influence of intoxicating liquor. (*People v. Cassidy* (1978), 67 Ill. App. 3d 43, 47.) The supervision statute does not require a different resolution. It provides, generally, that upon the successful conclusion of a supervisory order, it shall be deemed without adjudication of guilt and shall not be termed a conviction for purpose of disqualification or disabilities imposed by law upon conviction of a crime. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—6—3.1(f).) This does not prevent use of an evidentiary admission to all of the elements of the DWI complaint in the separate hearing required when a party has refused to take a breathalyzer test.

The introduction of the plea differs in theory from introduction of the judgment entered thereon. The judgment of conviction constitutes a hearsay exception when offered to prove that any facts essential to judgment have been previously found to exist; whereas the plea is offered to prove only that the offender admitted facts constituting guilt and not that such facts were adjudicated to exist. (See E. Cleary & M. Graham, Handbook of Illinois Evidence sec. 802.4, at 410 (3d ed. 1979).) The plea would not estop the driver from offering testimony, if any, explaining the plea, which the trier of fact may consider along with all other evidence in the civil case. *Barnes v. Croston* (1969), 108 Ill. App. 2d 182, 184-85; *Lukasik v. Hajdas* (1968), 104 Ill. App. 2d 1, 4 n.2.

## II

The trial court also ruled that defendant was improperly admonished because he was not told that his privilege to operate a motor vehicle *would* be suspended if he refused to submit to and complete the breathalyzer test; but was merely told that it *"could be suspended," "would very possibly"* and *"could very possibly"* be suspended. (Emphasis added.) The arresting officer testified that he read the 9-point form provided in the statute to defendant. (Ill. Rev. Stat. 1979, ch. 95½, par. 11—501.1(a)(2), (d).) We follow *People v. Malloy* (1980), 83 Ill. App. 3d 344, 347, which held that as a matter of statutory construction the word "may" in subsection (a), and the word "would" in subsection (d) are substantially equivalent and an admonishment in either term complies with the statute.

## III

We further conclude that the trial court's finding of no probable cause on the issue of implied consent was against the manifest weight of the evidence. The plea of guilty, which the trial court rejected in his consideration of the case, in the view we have expressed was an evidentiary admission that defendant was driving a motor vehicle within the State while intoxicated, as bearing on the issue of whether the officers had reasonable cause to arrest for DWI. There was also testimony by the arresting officer that he observed defendant's vehicle weaving from lane to lane and driving off the roadway onto the shoulder numerous times at a very slow rate of speed on a well-lighted dry road. After stopping the car he observed that defendant had difficulty exiting, he had to brace himself against the vehicle, he produced his wallet and his license with difficulty, his clothes were "slightly mussed," he walked with a wobbly gait, his face was red and flushed, he failed the heel-to-toe field test; and detected a very strong smell of alcohol. Moreover, this testimony was substantially

unrebutted and was corroborated by an assisting officer. There was some impeachment on several matters raised in the alcoholic influence report form as to defendant's speech and the result of the finger-to-nose field test; one of the officers testified that he heard defendant say when he used the phone that he had been drinking since 3 p.m., while another said that he had been working since 3 p.m. But the major testimony of the officers was substantially unimpeached. Probable cause means something less than the evidence which would result in a conviction. (*People v. Peak* (1963), 29 Ill. 2d 343, 347.) The trier of the facts in reaching that issue cannot disregard uncontradicted and unimpeached evidence. (*Urban v. Industrial Com.* (1966), 34 Ill. 2d 159, 163.) We conclude that the court erred in directing a finding for defendant.

## IV

Since we are remanding for a new trial we will briefly note the State's argument that the trial court erred in striking as irrelevant the testimony of Walter Filipowicz, offered to corroborate the testimony of the arresting officer. While there was some discrepancy between the time Filipowicz referred to and the testimony of the officers as to their arrival time, this does not appear so remote as to involve unrelated incidents, and therefore appears to be relevant. While much of his testimony was merely cumulative, there was additional testimony about the car striking a guard rail and then veering into a ditch along the opposite side of the road. While the question of the relevance of evidence is largely within the court's discretion (*Kyowski v. Burns* (1979), 70 Ill. App. 3d 1009, 1018), on this record, we conclude that the testimony should not have been stricken.

The case is reversed and the cause remanded for further proceedings consistent with this order.

Reversed and remanded.

NASH and HOPF, JJ., concur.