THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JAMES BARRY, Defendant-Appellee.

First District (4th Division)   No. 84—535

Opinion filed June 27, 1985.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Kevin Sweeney, and C. Jeffrey Thut, Assistant State's Attorneys, of counsel), for the People.

John T. Doody, of Homewood, for appellee.

JUSTICE LINN delivered the opinion of the court:

The defendant, James Barry, was arrested by the police and charged with driving while under the influence of alcohol. Thereafter, defendant refused to submit to a chemical test to determine the alcohol level in his blood. Because of the refusal, the arresting officer completed the required report of refusal to submit. Defendant pleaded guilty to the underlying charge of driving while under the influence; the trial court then fined him $200 and sentenced him to one-year supervision. Subsequently, defendant requested a hearing on the issue of implied consent. After hearing the arguments of counsel, the trial court granted defendant's motion to dismiss the implied-consent matter even though the court had not heard evidence necessary for a determination of whether there had been compliance with the implied-consent statute. (See Ill. Rev. Stat. 1983, ch. 95½, pars. 11—501, 11—501.1.) The State appeals, contending that it was error for the trial court to dismiss the implied-consent proceeding on defendant's motion where defendant refused to submit to a breathalyzer test, pleaded guilty to the underlying charge of driving while under the influence and the arresting officer had reasonable cause to believe that defendant was driving under the influence of alcohol. The State maintains that, under such circumstances, there was no factual basis for

the trial court's dismissal.[1]

On July 8, 1983, defendant was arrested for driving while under the influence of alcohol and for illegal lane usage. At that time, defendant was asked to submit to a chemical test for the purpose of determining his blood alcohol level. However, defendant refused to submit to this test, and a report of refusal was issued by the arresting officer. In that report and its accompanying affidavit, the officer noted his finding of probable cause to believe that defendant was driving under the influence of alcohol. He based that conclusion on the fact that he had observed defendant driving southbound on Dixie Highway while crossing the center line several times. Defendant was driving the wrong way down a one-way street when he was stopped by that officer. After going over to the driver's side of defendant's vehicle, the police officer smelled a strong odor of alcohol on defendant's breath.

On August 1, 1983, the defendant appeared before the trial court for a hearing. At that hearing, defendant was referred to an alcohol safety education program, and, because of this, the traffic violations and implied-consent matter were continued. On November 8, 1983, defendant pleaded guilty to the charge of driving while under the influence, and he was given a $200 fine and court supervision of one year. Defendant then made an oral motion to dismiss the implied-consent proceeding. However, the matter was then continued by the court until February 23, 1984.

On that date, the State answered that it was ready to proceed on the implied-consent matter and produced the arresting police officer as a witness. The trial court then acknowledged defendant's prior guilty plea and noted that the State had responded that it was ready to proceed with the implied-consent matter. The trial court also noted that defendant had completed the alcohol safety education program. Even though defendant had presented no evidence nor argument regarding the issue of whether or not he had refused to take the chemical test, the court dismissed the implied-consent matter without hearing evidence. At that point, the assistant State's Attorney objected, contending that the trial court was without authority to make such a finding. However, that objection was unsuccessful.

As stated above, the State contends that it was error for the trial court to dismiss the implied-consent proceeding on defendant's motion

---

[1]Defendant has not filed a brief in this matter. However, we will consider the merit of the State's contention. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

in view of the fact that defendant refused to submit to a breathalyzer test and the arresting officer had reasonable cause to believe that defendant was driving while under the influence of alcohol.

In this State, a driver who refuses to submit to a chemical, blood, breath or urine test for the purpose of determining his blood alcohol level will have his driver's license suspended for six months. (Ill. Rev. Stat. 1983, ch. 95½, pars. 11—501.1(a), 11—501.1(c).) If within 28 days of the mailing of the notice of suspension of driving privileges, a defendant requests a hearing on the issue of implied consent, the trial court will determine: (1) whether the defendant was placed under arrest pursuant to an offense defined in section 11—501 of the Illinois Vehicle Code; (2) whether the arresting officer had reasonable grounds to believe that the defendant was in control of an automobile while under the influence of alcohol; and (3) whether the defendant refused to submit to a blood alcohol test upon the arresting police officer's request. See Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(c).

■ The Illinois implied-consent statute does not delegate to the judiciary the power to determine whether a defendant's driver's license should be suspended. (*People v. Farr* (1976), 63 Ill. 2d 209, 214-15, 347 N.E.2d 146.) The statute mandates that, if a hearing is requested by the defendant, the trial court shall determine only whether the formal requirements of the statute have been met. If the statutory requisites have been complied with, it is mandatory that the defendant's driver's license be suspended by the Illinois Secretary of State for six months. (*People v. Farr* (1976), 63 Ill. 2d 209, 214.) In the present matter, the trial court refused to hear any evidence regarding the elements of the implied-consent statute but rather granted defendant's motion to dismiss, thereby finding that a violation of the implied-consent statute had not taken place. We are of the opinion that this action constituted an exercise of discretion by the trial court which has not been delegated to the trial court by the implied-consent statute. Therefore, we hold that the dismissal was improper.

It is evident that in the present matter, the first two elements of the implied-consent statute were fulfilled in that the defendant was arrested while driving under the influence charge and the arresting police officer had reasonable cause to make such arrest. In support of this conclusion, we must point out that defendant pleaded guilty to the charge of driving while under the influence, which was the underlying traffic violation for the implied-consent hearing. It is well established that such a plea is admissible in a subsequent civil implied-consent proceeding arising from the same incident. (See *People v. Powell*

(1982), 107 Ill. App. 3d 418, 419, 437 N.E.2d 1258.) This is because an admission of that type is relevant to the requirement of proof, which mandates that the officer had reasonable cause to believe that defendant was driving a vehicle while under the influence of alcohol.

■ As stated above, defendant conceded that he was driving a motor vehicle while under the influence of alcohol. In addition, the arresting officer's affidavit indicated that if he had been allowed to testify, he would have stated that he had reasonable grounds to believe that defendant was driving in such a condition. The officer noted that defendant was driving erratically down Dixie Highway and eventually turned and drove the wrong way down a one-way street. When the officer then stopped defendant and went over to the driver's side of defendant's car, the officer smelled the strong odor of alcohol. The record on appeal also contains the police officer's report of defendant's refusal to submit to a chemical test. Moreover, defendant stipulated to the facts of this case. This would indicate that the State could have easily demonstrated the third requisite element of an implied-consent hearing. The burden of proof in such a hearing rests on the State. However, the State need only prove the three required elements by a preponderance of the evidence. (*People v. Schuberth* (1983), 115 Ill. App. 3d 302, 304, 450 N.E.2d 459.) The record strongly suggests that the State could have sustained its burden of proof. In *People v. Powell* (1982), 107 Ill. App. 3d 418, the trial court's dismissal of an implied-consent proceeding was held to be against the manifest weight of the evidence where the defendant had pleaded guilty to the charge of driving while under the influence and the testimony of the arresting police officer was unrebutted. (107 Ill. App. 3d 418, 420-21.) Accordingly, under the facts of this case, we feel that the trial court's order, which dismissed the implied-consent proceeding, was against the manifest weight of the evidence.

■ Before entering his plea of guilty, defendant successfully completed the alcohol safety education program. However, it is evident that this fact should not have been considered by the court in making its determination on the implied-consent issue.

We therefore reverse the order of the circuit court and remand this cause for further proceedings.

Reversed and remanded.

JIGANTI, P.J., and JOHNSON, J., concur.