THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. CHARLES F. CREIGHTON *et al.*, Defendants-Appellees.

First District (2nd Division) Nos. 84—334, 84—396 cons.

Opinion filed November 5, 1985.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Mary Ellen Dienes, and Peter J. Szatkowski, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellees.

PRESIDING JUSTICE STAMOS delivered the opinion of the court:

The State appeals from the trial court's orders following two implied consent hearings held pursuant to section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1). The trial court found that the arresting officers did not have reasonable grounds to believe that the defendants were driving under the influence of alcohol. The State cites the following objections on appeal: (1) that the trial court had no authority to exercise judicial leniency as part of its ruling on implied consent, (2) that the trial court's findings of no probable cause were manifestly erroneous.

The cases of People v. Creighton, No. 84—334, and People v. Fabing, No. 84—396, have been consolidated on appeal. Both defendants were arrested for driving under the influence of alcohol and issued a uniform traffic citation for that offense. They were both informed of the Illinois implied consent statute (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1) and asked to take a breathalyzer test. Both defendants refused to take the test, and in each case, the arresting officer completed an affidavit of refusal as required by the implied consent statute. Creighton and Fabing both pleaded guilty to charges of driving under the influence of alcohol, and each participated in the alcohol safety rehabilitation program.

After their trials on criminal charges, each defendant had an implied consent hearing before the Honorable Cornelius Houtsma. Both defendants stipulated to the circumstances surrounding their arrests. However, the trial court exercised "judicial lenity" in each case and, on that basis, found that the arresting officers had no probable cause to believe that the defendants were driving under the influence of alcohol. The State appeals from the trial court's findings of no probable cause.

■■ The defendants have failed to present any arguments to counter the State's objections on appeal. Defendant Fabing submitted a document which contained no argument but merely purported to adopt Creighton's brief. Creighton submitted no brief at all.

A court of review will not serve as an advocate for an appellee who files no brief. However, if a record is simple and issues can be disposed of easily, the appellate court may decide the merits of an appeal despite the fact that the appellee has not submitted a brief. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493.) If the appellant's brief demon-

strates *prima facie* reversible error, and contentions in the brief find support in the record, the judgment of the trial court may be reversed. (63 Ill. 2d 128, 133, 345 N.E.2d 493.) In the present cases, the records are simple, and the appellant's brief is amply supported by pertinent authorities. Therefore, the merits of the State's appeal may be decided.

The State's first objection on appeal is that the trial court had no authority to base its findings of no probable cause upon an exercise of judicial leniency. Despite overwhelming and uncontroverted evidence of probable cause presented at both implied consent hearings, the judge found that the arresting officers had no probable cause to believe that the defendants had been driving under the influence of alcohol. In People v. Creighton, the court noted that the defendant had stipulated to the fact that he had been driving under the influence of alcohol, but the court found no probable cause "as an excecixe of judg. lenity [*sic*]." Similarly, in People v. Fabing, the court acknowledged that the defendant had "no defense," but dismissed the proceeding on a finding of "No Probable Cause-basis Judicial lenity only [*sic*]." The effect of the trial court's findings was that the driving privileges of both defendants remained intact. See Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(c).

The implied consent statute provides that after a defendant has refused to take a breathalyzer test, his driver's license will be suspended for six months unless he applies for a hearing before the court. This hearing, according to the statute, shall only cover the issues of whether the person was placed under arrest as evidenced by a Uniform Traffic Citation, whether the arresting officer had reasonable grounds to believe that the person was driving under the influence of alcohol, and whether the person refused to submit to a breathalyzer test. If the court finds that all of these factual predicates are satisfied, then the Secretary of State must suspend the defendant's driver's license. Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1(c).

■ In an implied consent hearing, the court may not, at its discretion, decide whether to suspend a defendant's driver's license. (*People v. Barry* (1985), 134 Ill. App. 3d 494, 481 N.E.2d 19.) The suspension of driving privileges is a purely administrative function of the Secretary of State. (*People v. Horberg* (1984), 123 Ill. App. 3d 456, 458, 462 N.E.2d 831, 833.) The implied consent hearing merely provides an impartial forum in which to determine whether the defendant refused to take a breathalyzer test after having been lawfully arrested for driving under the influence of alcohol. (123 Ill. App. 3d 456, 458-59, 462 N.E.2d 831, 833.) The judge's sole discretionary

power under the statute is to recommend to the Secretary that the defendant receive a restricted driver's license because of undue hardship. *People v. Farr* (1976), 63 Ill. 2d 209, 214, 347 N.E.2d 146.

 It appears in the present cases that the trial judge attempted to use some discretionary power not authorized by the implied consent statute. Rather than making a strictly factual determination of probable cause, the court exercised leniency in deciding to dismiss the defendants' implied consent proceedings. Under the statute, however, the court had no power to treat these individual defendants with mercy, no matter how well-deserved or with what good intentions the judge exercised leniency. Instead of using its discretion, the court should have simply decided whether the arresting officers had reasonable grounds to think that the defendants were driving while impaired by alcohol.

The State's second objection on appeal is that the court's finding of no probable cause in these cases was against the manifest weight of the evidence. The State's argument in this regard is persuasive. Although a court of review will not disturb the judgment below unless it is "palpably against the weight of the evidence," where a conclusion opposite of the court's finding is clearly called for by the record, the trial court's decision may be reversed. *People v. Bafia* (1983), 112 Ill. App. 3d 710, 712, 445 N.E.2d 878-79.

 In the present cases, the manifest weight of the evidence points clearly toward findings of probable cause. Reasonable grounds to believe that a person is driving under the influence of alcohol is synonymous with "probable cause to arrest." (*People v. Bafia* (1983), 112 Ill. App. 3d 710, 716, 445 N.E.2d 878, 882.) Probable cause is present where facts and circumstances known to an arresting officer are sufficient to warrant a person of reasonable caution to believe that an offense was committed by the person arrested. (*People v. Moody* (1983), 94 Ill. 2d 1, 7, 445 N.E.2d 275.) Since an implied consent hearing is a civil proceeding, distinct from a defendant's trial on criminal charges, the State need only prove by a preponderance of the evidence that the arresting officer had reasonable grounds to infer that the defendant was driving under the influence of alcohol. *People v. Golden* (1983), 117 Ill. App. 3d 150, 155, 453 N.E.2d 15, 18.

 The arresting officers in these cases had ample evidence on which to base the reasonable conclusion that the defendants were intoxicated at the time of their arrest. At his implied consent hearing, Creighton stipulated to the arresting officer's testimony. Captain Boyd observed the defendant speeding, and after he stopped Creighton, he smelled a strong odor of alcohol. He also noted that the

defendant was swaying and staggering. The officer issued a citation to Creighton for driving under the influence of alcohol and requested that defendant take a breathalyzer test. Creighton declined to submit to the test.

Fabing stipulated to similar evidence at his hearing. The officer who arrested Fabing stopped the defendant after receiving a report that he had left the scene of an accident. A strong odor of alcohol emanated from Fabing, and the officer observed defendant stumble, fall, and use his car for support in an attempt to stand upright. Officer Lipinski gave the defendant a ticket for driving under the influence of alcohol, and defendant refused to take a breathalyzer test when requested to do so.

■ In addition to the foregoing evidence of intoxication, both defendants had already pleaded guilty in the same causes of action to criminal charges of driving under the influence of alcohol. A defendant's guilty plea to criminal charges of driving under the influence of alcohol may be used later at his implied consent hearing as evidence of probable cause for his arrest. *People v. Chavez* (1985), 134 Ill. App. 3d 598, 601, 480 N.E.2d 1268, 1271; *People v. Bafia* (1983), 112 Ill. App. 3d 710, 716, 445 N.E.2d 878, 882; *People v. Powell* (1982), 107 Ill. App. 3d 418, 420, 437 N.E.2d 1258, 1260.

In light of the defendants' admissions and their obvious physical manifestations of intoxication, it is clear that the arresting officers had reasonable grounds to arrest these two drivers. Moreover, since it is undisputed that the defendants were issued traffic citations and that they refused to take breathalyzer tests, the dismissal of their implied consent hearings was manifestly erroneous.

Accordingly, the judgment of the trial court is reversed, and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

HARTMAN and BILANDIC, JJ., concur.