THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. THOMAS WAGNER, Defendant-Appellee.

First District (1st Division)   No. 84—2384

Opinion filed January 20, 1987.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Peter D. Fischer, and Dana Crowley, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

The State appeals from the trial court's order following an implied-consent hearing held pursuant to section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1). The trial court found that there was no probable cause to believe that defendant was driving while intoxicated. On appeal, the State contends that the trial court's finding of no probable cause was against the manifest weight of the evidence. Although defendant has not filed a brief, where the record is simple and issues may be disposed of easily, we may decide the merits of the appeal solely on appellant's brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 131-33, 345 N.E.2d 493. We reverse.

On February 23, 1984, at about 12:20 a.m., defendant was proceeding north on Cicero Avenue in Crestwood, approaching an intersection. At approximately the same time, David Catellier was pulling out of the parking lot of the Rosewood West restaurant located about 30 feet north of the intersection. He was also proceeding north on Cicero Avenue. As Mr. Catellier pulled out of the parking lot and began driving north, he was struck in the rear by defendant's vehicle.

After the collision, Mr. Catellier's fiancee, Cathy Mavrone, left the car and ran to see if defendant was injured. She noticed that he had cut his head and Mr. Catellier then ran to the Rosewood West to call the police. Officer Marmozewicz arrived shortly thereafter, spoke to the defendant, and then called for an ambulance. Defendant was taken to Palos Community Hospital. The officer went to the hospital to do a follow-up report, arriving there shortly before 2 a.m. He read

defendant his *Miranda* rights and began to question defendant. At this time, the officer noticed a strong odor of an alcoholic beverage and that defendant was "thick-tongued" and slurred his speech. Defendant also informed the officer that he had drunk six beers and two shots. Based on his observations, the officer arrested defendant for driving under the influence of alcoholic beverages. Officer Marmozewicz then directed that a blood-alcohol test be administered to defendant. Defendant refused, stating that blood had already been taken from him for tests by the hospital staff.

At the hearing on implied consent, the trial court found that the officer had followed the procedures as required by law but then held that there was no probable cause to arrest. This determination was based on a consideration of defendant's mental state at the time he refused to submit to a blood test and on the court's view that it was unconscionable for the officer to have directed the test, as the hospital had previously taken a sample of defendant's blood for other purposes. The effect of this finding was that defendant's driving privileges remained intact. See Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(c).

Under the Illinois implied-consent statute (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(a)), any person who drives upon the highways of the State is deemed to have consented to tests of his blood, breath, or urine to determine his blood-alcohol content if he is arrested for driving while under the influence of alcohol. (*People v. Golden* (1983), 117 Ill. App. 3d 150, 153, 453 N.E.2d 15, *appeal denied* (1983), 96 Ill. 2d 562.) The statute clearly directs that the test or tests "shall be administered at the direction of the arresting officer." Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1(a).

■ The purpose of a hearing pursuant to the implied-consent statute is solely to determine "(1) whether the person was placed under arrest for an offense described in section 11—501, (2) whether the arresting officer had reasonable grounds to believe that such person was driving while under the influence of alcohol, and (3) whether such person refused to submit to the test upon the request of the law enforcement officer." (*People v. Horberg* (1984), 123 Ill. App. 3d 456, 459, 462 N.E.2d 831, *appeal denied* (1984), 101 Ill. 2d 571.) Whether defendant understands the law or believes that he has already given blood for the purposes required by the statute is irrelevant. If it is determined that the defendant was lawfully arrested for driving under the influence of alcohol and subsequently refused to take blood-alcohol tests at the direction of the arresting officer, it is mandatory that the defendant's drivers license be suspended by the Secretary of State.

(Ill. Rev. Stat. 1984, ch. 95½, par. 11—501.1(c); *People. v. Barry* (1985), 134 Ill. App. 3d 494, 481 N.E.2d 19.) The trial court has no discretionary authority under the implied-consent statute to consider such extrinsic matters as defendant's state of mind at the time of the refusal. See also *People v. Creighton* (1985), 137 Ill. App. 3d 952, 956, 485 N.E.2d 547 (trial court has no discretion to exercise judicial lenience in implied-consent hearing); *People v. Barry* (1985), 134 Ill. App. 3d 494, 497, 481 N.E.2d 19 (trial court cannot consider fact that defendant successfully completed alcohol safety education program at implied-consent hearing).

The manifest weight of the evidence in the present case indicates that there was clearly probable cause to arrest. Officer Marmozewicz had ample evidence from which to conclude that defendant was intoxicated at the time of his arrest. Defendant was injured when he drove his vehicle into the rear of another automobile and the arresting officer noticed a strong odor of an alcoholic beverage and that defendant was "thick tongued" and slurred his speech. Defendant also informed the officer that he had drunk six beers and two shots.

■ In light of defendant's apparent physical manifestations of intoxication, it is clear that the arresting officer had reasonable grounds to arrest defendant. Since it is undisputed that defendant thereafter refused to submit to a blood-alcohol test as directed by the arresting officer, the finding of no probable cause was manifestly erroneous.

Accordingly, the judgment of the trial court is reversed, and the case remanded with directions to enter a finding of probable cause on the implied-consent petition.

Reversed and remanded with directions.

QUINLAN, P.J., and BUCKLEY, J., concur.