THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. WILLIAM CRONIN, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).

Second District   No. 2—87—0166

Opinion filed December 8, 1987.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Casandra E. Melton and Bret A. Rappaport, Assistant Attorneys General, of Chicago, of counsel), for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Michael Smith, of Lisle, for appellee William Cronin.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

This appeal arises from a circuit court order which stayed the statutory summary suspension of the driving privileges of the defendant, William Cronin. On appeal, the Secretary of State of Illinois (Secretary) contends that the circuit court did not have the authority to stay the statutory summary suspension of the defendant's driving privileges.

On September 14, 1986, the defendant was arrested for the offenses of driving under the influence of alcohol (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 11—501), driving while license suspended (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 6—303(a)), and exceeding the speed limit (Ill. Rev. Stat. 1985, ch. 95½, par. 11—601(b)). After receiving proper warning pursuant to section 11—501.1(c) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 11—501.1(c)), the defendant submitted to a breath test which disclosed that the defendant had a blood-alcohol concentration of .15. Accordingly, the defendant's driving privileges were summarily suspended for three months pursuant to section 11—501.1 of the Code. The suspension was to take effect on October 20, 1986.

On September 30, 1986, pursuant to section 2—118.1(b) of the Code (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 2—118.1(b)), the defendant filed a petition for hearing to seek rescission of his statutory summary suspension. On October 14, 1986, at his section 2—118.1(b) hearing, the defendant filed a motion to dismiss his statutory summary suspension. The defendant's motion alleged, *inter alia*, that sections 11—501.1 and 2—118.1(b) of the Code (Ill. Rev. Stat., 1986 Supp., ch. 95½, pars. 11—501.1, 2—118.1(b)) were unconstitutional in that they violated due process and the doctrine of separation of powers.

On November 17, 1986, the defendant pleaded guilty to the offense of driving under the influence of alcohol (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501), and he was sentenced to one year of court supervision, fined $500 plus costs, and required to attend a DUI program. Through an agreed order, the defendant's motion to dismiss the summary suspension was continued pending the outcome of *People v. Esposito*, No. 63868, argued June 22, 1987, which, pursuant to Supreme Court Rule 302(a) (107 Ill. 2d R. 302(a)), is before our supreme court for resolution of the identical issues which the defend-

ant's motion raised in this case. On January 30, 1987, the circuit court entered an order, *nunc pro tunc*, which stayed the defendant's statutory summary suspension pending the *Esposito* decision and fully reinstated the defendant's driving privileges. From that order, the Secretary brought this appeal.

The Secretary's sole contention on appeal is that the circuit court did not have the authority to stay the defendant's statutory summary suspension. For the reasons expressed below, we agree with the Secretary and reverse the circuit court's order staying the summary suspension of the defendant's driving privileges.

■ It is clear that drunk driving is one of society's gravest problems because drunk drivers pose a serious threat to human life. (*People ex rel. Eppinga v. Edgar* (1986), 112 Ill. 2d 101, 110, 492 N.E.2d 187, 191, *cert. denied* (1986), 479 U.S. 914, 93 L. Ed. 2d 288, 107 S. Ct. 314.) As a remedy to that problem, the summary suspension of an individual's driving privileges both removes drunk drivers from our public roads and deters drunk driving. (*Eppinga*, 112 Ill. 2d at 111, 492 N.E.2d at 191.) The summary suspension of an individual's driving privileges is a purely administrative function of the Secretary of State. (*People v. Gerke* (1987), 156 Ill. App. 3d 43, 46-47, 508 N.E.2d 1223, 1225; *People v. Creighton* (1985), 137 Ill. App. 3d 952, 955, 485 N.E.2d 547, 550.) A circuit court may not exercise its discretionary power except as the implied consent statute authorizes. *People v. Rathnau* (1986), 140 Ill. App. 3d 88, 91-92, 488 N.E.2d 657, 660; *Creighton*, 137 Ill. App. 3d at 955, 485 N.E.2d at 550.

■ Against this backdrop, we now turn to section 2—118.1(b) of the Code. In the relevant part, section 2—118.1(b) states:

"Upon the notice of statutory summary suspension served under Section 11—501.1, the person may make a written request for a judicial hearing in the circuit court of venue. The request to the circuit court shall state the grounds upon which the person seeks to have the statutory summary suspension rescinded. Within 30 days after receipt of the written request or the first appearance date on the Uniform Traffic Ticket issued pursuant to a violation of Section 11—501, or a similar provision of a local ordinance, the hearing shall be conducted by the circuit court having jurisdiction. *This judicial hearing, request or process shall not stay or delay the statutory summary suspension.* Such hearings shall proceed in the court in the same manner as in other civil proceedings." (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 2—118.1(b).)

The scope of the hearing is limited to the issues relating to the de-

tails of defendant's arrest for DUI. (See Ill. Rev. Stat., 1986 Supp., ch. 95½, pars. 2—118.1(b)(1) through (b)(4).) Finally, the statute provides:

> "Upon the conclusion of the judicial hearing, the circuit court shall *sustain or rescind* the statutory summary suspension and immediately notify the Secretary of State." (Emphasis added.) Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 2—118.1(b).

■ The record indicates that the defendant did not adjudicate any of the four issues permitted by the statute but, instead, challenged the constitutionality of the implied consent statute. The circuit court stayed the proceedings pending the outcome of *People v. Esposito*, No. 63868, argued June 22, 1987, which was before our supreme court for adjudication of the identical constitutional issues. The circuit court's order staying the proceedings exceeded the discretionary power authorized by the implied consent statute. Section 2—118.1(b) states that the judicial hearing *shall not stay* or delay an individual's statutory summary suspension. (See Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 2—118.1(b).) That section further directs the circuit court to sustain or rescind the statutory summary suspension at the conclusion of the judicial hearing. See Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 2—118.1(b).

The plain and unambiguous language of section 2—118.1(b) prohibited the circuit court from using its discretionary power to order a stay of the summary suspension of defendant's driver's license. We reverse the circuit court's order entering a stay of the defendant's summary suspension and remand the case to the circuit court for further proceedings.

Reversed and remanded.

INGLIS and UNVERZAGT, JJ., concur.