THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
BILLY J. SANDERS, Defendant-Appellee.

Fourth District   No. 4—88—0273

Opinion filed November 10, 1988.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R.
Boyle, Robert J. Biderman, and J.A.C. Knuppel, all of State's Attorneys
Appellate Prosecutor's Office, of counsel), for the People.

Gary R. Thompson, of Bloomington, for appellee.

JUSTICE LUND delivered the opinion of the court:

On February 13, 1988, defendant Billy J. Sanders was charged with the offense of driving under the influence of alcohol (DUI) in violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501). On March 31, 1988, the circuit court of McLean County found the arresting officer did not have reasonable grounds to believe the defendant was driving under the influence of alcohol and rescinded the suspension of defendant's driver's license. The State appeals. We reverse.

On February 13, 1988, following a one-vehicle accident, defendant was charged with the offenses of DUI, leaving the scene of an accident, failure to report a motor vehicle accident to police, and failure to comply with the Illinois Vehicle Code. (Ill. Rev. Stat. 1987, ch. 95½, pars. 11—501, 11—401, 11—402, 3—833.) Defendant refused to give a blood sample after being asked to by the arresting officer and, thusly, received a six-month summary suspension of his driver's license. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—208.1.) On February 29, defendant filed a petition to have the suspension rescinded. A hearing was conducted on March 31, 1988.

Defendant's first witness was the arresting officer, Deputy Daniel Fever, of the McLean County sheriff's department. On February 13, Fever received a radio dispatch advising him of a one-vehicle accident where open alcohol was found in the car. He went to the hospital to speak with defendant, the driver. Upon entering the hospital room with defendant, he noticed a strong odor of an alcoholic beverage which grew stronger the closer he got to defendant. Defendant advised him he had fallen asleep behind the wheel and had run off the road. Defendant admitted drinking a couple of beers and stated he had no idea where the car was located.

Defendant's speech was slurred and thick-tongued. His eyes were bloodshot and glassy. Defendant was argumentative, at times not answering questions. He was also subject to severe mood swings. Defendant repeatedly stated he did not want to be at the hospital and only wanted to go home to sleep. Defendant had received no medication at this point. Defendant complained of chest pains, but no injuries were visible. It was Fever's opinion that defendant was definitely under the influence of alcohol. He based this on his observations and his experience of over 100 DUI arrests. Fever placed defendant under arrest for DUI and asked for a blood sample, which defendant refused to give.

Defendant's wife, Rebecca Sanders, testified that on the evening of February 13, defendant came home staggering. He was holding his

stomach and slumped over a chair, crying. Defendant would not respond to questions. While she was arranging for child care so she could take defendant to the hospital, he fell down the steps and was unconscious in the backyard. Defendant complained of pains in his chest and stomach and continued to cry. She could see no visible injuries.

At the hospital, he refused any treatment. Defendant's conduct was out of control. When the nurse asked to draw blood, he refused to comply, stating he did not want to get AIDS. Rebecca had seen defendant under the influence of alcohol before, and it was now her opinion that he was not so at that time.

Louis Wittley, defendant's brother-in-law, was at the hospital with defendant. He could tell defendant had been drinking. Also, defendant told him he had a few beers.

Defendant testified he did not remember being in the hospital on February 13. The first thing he remembered was waking up in the hospital on February 14. This concluded defendant's evidence.

Richard Sutton, a neighbor of defendant's, testifying for the State, said that on February 13, he observed defendant's vehicle in a ditch with defendant behind the wheel, passed out. He woke defendant and took him home. At no time did he notice an odor of alcohol. When asked if he could tell if defendant had been drinking, he stated that all he could tell was that defendant's eyes were bloodshot.

Finally, Deputy Mike Essig testified that on February 13, he found defendant's car sideways in the ditch. He opened the car door and noticed a strong smell of an alcoholic beverage. He found three open cans of beer. He then radioed Deputy Fever. The court then found that Deputy Fever had no reasonable grounds to believe defendant was driving under the influence of alcohol and rescinded defendant's suspension. (Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1.) The State appeals this determination.

■ A hearing to rescind a summary suspension is civil in nature, and the civil standard of proof of preponderance of the evidence controls. (*In re Summary Suspension of Driver's License of Trainor* (1987), 156 Ill. App. 3d 918, 921, 510 N.E.2d 614, 616-17.) We have held that, since defendant is the petitioner, the burden of proceeding and the burden of proof is on defendant (*People v. Blythe* (1987), 153 Ill. App. 3d 292, 298, 505 N.E.2d 402, 405), a position recently adopted by the supreme court. (*People v. Orth* (1988), 124 Ill. 2d 326.) The decision of the trial court in this regard will not be reversed unless it is against the manifest weight of the evidence. *People v. Bafia* (1983), 112 Ill. App. 3d 710, 712, 445 N.E.2d 878, 879.

■ ■ ■ As noted, the court found the deputy did not have reasonable grounds to believe the defendant was driving under the influence of alcohol. Reasonable grounds and probable cause for arrest are synonymous. (*People v. Peak* (1963), 29 Ill. 2d 343, 347-48, 194 N.E.2d 322, 325.) They are present where the facts and circumstances known to the arresting officer are sufficient to warrant a man of reasonable caution to believe an offense has been committed. (*Bafia*, 112 Ill. App. 3d at 716, 445 N.E.2d at 882.) This standard requires more than mere suspicion, but does not require the officer to have in hand evidence sufficient to convict. (*People v. Moody* (1983), 94 Ill. 2d 1, 7, 445 N.E.2d 275, 278.) This determination is to be based upon all the facts and circumstances of each case and made in a manner which is not unduly technical. (*People v. Hanna* (1969), 42 Ill. 2d 323, 329, 247 N.E.2d 610, 613, *cert. denied* (1970), 399 U.S. 929, 26 L. Ed. 2d 796, 90 S. Ct. 2229.) Further, circumstances observed after the act of driving can offer reasonable grounds upon which to conclude a defendant was driving while under the influence, as after an accident. (*Bafia*, 112 Ill. App. 3d at 717, 445 N.E.2d at 883.) After reviewing the evidence, it is clear that in this case the requisite reasonable grounds existed.

Deputy Fever testified that a strong odor of an alcoholic beverage emanated from defendant. He observed defendant's speech was slurred and thick-tongued, and his eyes were glassy and bloodshot, all classic signs of overindulgence of alcohol. Defendant admitted to drinking a few beers and falling asleep at the wheel, resulting in an accident. He also had no idea where his car was. All this, coupled with Deputy Essig's radio message concerning finding open beer cans in the car and his years of experience, led Fever to the opinion that defendant was under the influence of alcohol, a position based on these facts that we find quite reasonable.

We note the other evidence does little to dissuade us of this opinion. Defendant's wife said he was not under the influence. Yet, her other testimony does little to support that opinion. She said he was staggering when he walked, crying constantly, and his conduct was out of control. She also observed that while he complained of chest and stomach pains, he refused medical attention. Defendant's brother-in-law could tell defendant had been drinking. The person who gave defendant a ride said defendant was passed out behind the wheel of the car. Even defendant's testimony that he does not remember the night of the 13th supports the reasonableness of Fever's opinion.

Defendant attempts to explain this bizarre behavior and his lack of memory by injuries sustained in the accident. However, there is no

evidence concerning the existence or extent of any injuries in the record. If there was any such evidence, it was defendant's responsibility to present it. As noted, it is his burden to prove by a preponderance of the evidence that the officer did not have reasonable grounds to believe he was under the influence of alcohol. It is apparent that defendant failed in that endeavor.

The judgment of the circuit court of McLean County is reversed.

Reversed.

GREEN, P.J., and McCULLOUGH, J., concur.