THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. CYNTHIA BRODEUR, Defendant-Appellee.

Second District   Nos. 2—88—0807, 2—88—1117 cons.

Opinion filed October 19, 1989.

McLAREN, J., dissenting.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

George J. Bakalis, of Civinelli, Bakalis & Culliton, of Bloomingdale, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

The State has appealed two orders of the circuit court of Du Page County arising from the prosecution of defendant, Cynthia Brodeur, for driving while under the influence of alcohol (DUI) (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2)).

Following her DUI arrest and the summary suspension of her driver's license for her refusal to complete a blood-alcohol test, defendant filed a petition to rescind the statutory summary suspension of her driver's license (Ill. Rev. Stat. 1987, ch. 95½, par. 2—

118.1). After a hearing on the petition, the trial court, Judge Robert A. Cox, entered an order in favor of defendant finding no reasonable grounds for the DUI arrest. The State filed a notice of appeal of that order (107 Ill. 2d R. 301), and that appeal is docketed as case No. 2—88—0807. Defendant then filed a motion to quash her arrest in the underlying DUI case, which the trial court, Judge Brian F. Telander, granted on the basis of collateral estoppel. The State filed a certificate of impairment and a notice of appeal (107 Ill. 2d R. 604(a)), and that appeal is docketed as case No. 2—88—1117. We granted the State's motion to consolidate these appeals.

The issue for review is essentially the same for both appeals and arises from the same set of facts. The issue is whether the trial court's finding that the officer did not have probable cause to arrest defendant for DUI was against the manifest weight of the evidence in the rescission of the statutory summary-suspension hearing and manifestly erroneous in the hearing on the motion to quash arrest. The State did not present any additional evidence in the second hearing, and the trial court, after reviewing the transcript of the first hearing, granted the motion to quash on the basis of collateral estoppel.

At the first hearing, defendant called Officer Daniel A. Gabriel, a 13-year veteran of the Addison police department, as a witness. He testified that in responding to an automobile accident call at 7:49 p.m. on February 2, 1988, he observed a tow truck with slight rear-end damage partially on the shoulder of the road. He observed defendant's vehicle 60 feet into a field adjacent to Route 53 with extensive front-end damage. The officer was unable to recall if the windshield of defendant's vehicle was cracked. Defendant was the only person in the car, and she was observed sprawled out across the front-seat area, partially in the driver's seat and partially in the passenger seat. She was conscious, appeared to be injured and complained of pain. The officer believed she had a wound about her face. The driver of the tow truck involved in the accident testified that within seconds after making a left turn onto Route 53 he was struck from behind by defendant's car.

There was a strong odor of alcohol upon her breath when she spoke. Her eyes were red and bloodshot, and her speech was slurred. He asked her if there was anyone else in the car to which she responded that there was not. She stated that she was the driver of the car. In response to the officer's request that she produce her driver's license, she stated that it was in her purse in the backseat. The officer then arrested her for DUI.

Defendant was then transported to a hospital by emergency personnel. Officer Gabriel also went to the hospital. After he read the "warnings to motorists" to defendant, who was in the emergency room, he asked defendant to submit to the drawing of blood to determine the extent of its alcohol concentration. She repeatedly declined his request.

During cross-examination of Officer Gabriel by the assistant State's Attorney, Officer Gabriel testified that at the hospital there was a strong odor of alcohol on defendant's breath, and he described her manner as "cocky, carefree, refusing treatment, attempting to get off the gurney." At one point, she had to be held down at the hospital in order to be treated.

The officer further testified that, upon driving her back to the police station, he determined that it was her birthday and that she spontaneously told him that she was out celebrating at an area hotel. She stated she had consumed approximately four to six vodka drinks and was returning home at the time of the accident.

The officer further testified that when he read her the warning to motorists he asked her to read it along with him. She refused to indicate if she understood it. She crumpled up the paper and threw it on the floor several times.

The officer was asked whether at the time he arrested defendant for DUI he had an opinion as to her sobriety. He stated that based upon his hundreds of observations of persons under the influence, she was intoxicated and unfit to operate a motor vehicle upon the public highways of the State. When further asked on what factors he based his opinion, he stated his overall investigation of the accident, "including the impact damage of the vehicles, the odor of alcohol on her breath, the bloodshot eyes, her demeanor after the accident, her demeanor in the emergency room of the [hospital] and her statements, her voluntary statements on what she had consumed while celebrating her birthday." The officer never conducted any sobriety tests.

On redirect examination, defendant's counsel elicited from the officer that he had already placed defendant under arrest before his conversation with defendant occurred while driving her from the hospital to the police station and before his observations of her in the hospital emergency room.

The trial court stated after arguments of counsel:

"I find in favor of the Defendant on the basis that at the time that the Defendant was arrested, the officer did not have reasonable grounds to believe that the Defendant was driving

while under the influence of alcohol. The observations which he indicated and the statements *all* came after the Defendant had been arrested." (Emphasis added.)

The State contends that the trial court's finding in the statutory summary suspension hearing, that the officer did not have reasonable grounds to arrest defendant for DUI, and upon which the second judge relied in the suppression hearing, was against the manifest weight of the evidence. In this regard, the State argues that this experienced officer's observations of defendant at the scene before he arrested her for DUI when he smelled a strong odor of alcohol upon her breath, saw that her eyes were bloodshot and red, noticed her speech was slurred, and viewed the accident scene, were sufficient to establish reasonable grounds to arrest her for DUI. Defendant primarily responds that the trial court's decision was not against the manifest weight of the evidence.

■■ ■ In a statutory summary suspension rescission hearing, the motorist initially bears the burden of proof (*People v. Orth* (1988), 124 Ill. 2d 326, 341, 530 N.E.2d 210), and the trial court's finding in that regard will not be reversed unless it is against the manifest weight of the evidence. (*Orth*, 124 Ill. 2d at 341, 530 N.E.2d at 217.) "Reasonable grounds," as it is used in the situation of a DUI arrest, is synonymous with probable cause. (*People v. Sanders* (1988), 176 Ill. App. 3d 467, 470, 531 N.E.2d 61; *People v. Wingren* (1988), 167 Ill. App. 3d 313, 319, 521 N.E.2d 130, 134; see also *People v. Tisler* (1984), 103 Ill. 2d 226, 236-37, 469 N.E.2d 147.) To determine whether the reasonable grounds/probable cause requirement has been met, a court must determine whether a reasonable and prudent person, having the knowledge possessed by the officer at the time of the arrest, would believe defendant committed the offense. (*Tisler*, 103 Ill. 2d at 237, 469 N.E.2d at 153.) The officer's factual knowledge, based on his prior police experience, is relevant to the probable cause determination. (*Tisler*, 103 Ill. 2d at 237, 469 N.E.2d at 153.) Whether the probability of criminal activity exists is not governed by technical legal rules, but rather, it is a determination based upon commonsense considerations that are factual and practical. *Tisler*, 103 Ill. 2d at 236, 469 N.E.2d at 153.

In the present case, the officer testified that he observed defendant's vehicle 60 feet off the roadway in a field. The vehicle had extensive front-end damage, and the officer observed a tow truck, partially on the shoulder, with slight rear-end damage. A reasonable person would conclude that defendant's vehicle had been in a rear-end collision with the tow truck.

Furthermore, the officer observed defendant to have red, bloodshot eyes, slurred speech and the strong odor of alcohol on her breath. She further admitted she was the driver of the vehicle and was the only one present in the vehicle.

We believe Officer Gabriel, a 13-year veteran police officer, had probable cause to believe defendant had driven her vehicle while under the influence of alcohol. Red, bloodshot eyes, slurred speech and the strong odor of alcohol on defendant's breath are certainly facts which would lead a reasonable person to conclude that defendant was under the influence of alcohol. (See *People v. Wingren* (1988), 167 Ill. App. 3d 313, 320-21, 521 N.E.2d 130; see also *People v. Sanders* (1988), 176 Ill. App. 3d 467, 470, 531 N.E.2d 61; *People v. Wagner* (1987), 152 Ill. App. 3d 34, 37, 504 N.E.2d 121.) Additionally, defendant had clearly been in a motor vehicle accident, which the officer could have reasonably surmised had been caused, at least in part, by her intoxication. (See *Wingren*, 167 Ill. App. 3d at 321, 521 N.E.2d at 135; see also *Sanders*, 176 Ill. App. 3d at 470, 531 N.E.2d at 64; *Wagner*, 152 Ill. App. 3d at 37, 504 N.E.2d at 123.) When all of these facts and circumstances are viewed in their entirety, especially by a 13-year veteran police officer who had observed intoxicated individuals on hundreds of occasions, it was reasonable to conclude that defendant had committed the offense of driving while under the influence of alcohol.

While we disagree with the ultimate finding of the trial court on the issue of probable cause to arrest defendant for DUI, we note the apparent misinterpretation of the officer's testimony by the trial court. The trial court concluded that there was no probable cause because the arresting officer's observations "all came after the Defendant had been arrested." Operating under this incorrect premise, the trial court understandably concluded that there was no probable cause to arrest defendant. As can be seen from the record, however, the officer testified that, prior to arresting defendant at the scene, he observed defendant to have bloodshot eyes, slurred speech and a strong odor of alcohol on her breath, and that her vehicle had been in a rear-end collision. The trial court does not appear to have discounted the unrebutted testimony of Officer Gabriel, so that court's determination was not based upon a lack of credibility of the officer.

Consequently, as the trial court's finding of no reasonable grounds for the DUI arrest is against the manifest weight of the evidence, we reverse the order of rescission of defendant's statutory summary suspension. Because the order granting the motion to quash the arrest was based on the same no probable cause determi-

nation, that order is manifestly erroneous and is also reversed, but this cause is remanded for further proceedings.

No. 2—88—0807, Reversed.
No. 2—88—1117, Reversed and remanded.

LINDBERG J., concurs.

JUSTICE McLAREN, dissenting:

In my opinion the majority has either reduced probable cause to a mere suspicion or has disregarded the "U" in DUI. Two trial court judges found no probable cause as to the motion to quash arrest and no reasonable grounds as to the motion to rescind the summary suspension, respectively.

In *People v. Bafia* (1983), 112 Ill. App. 3d 710, 716, this court discussed the phrase "reasonable grounds" as contained in the Illinois implied consent law and stated:

> " 'Reasonable grounds' and 'probable cause' for purposes of arrest are synonymous [citations] and is [*sic*] present where the facts and circumstances known to the arresting officers are sufficient to warrant a man of reasonable caution to believe an offense has been committed by the person arrested. This standard requires more than mere suspicion, but does not require the officer to have in hand evidence *** to convict. *** The determination of whether an officer has sufficient information on which to properly act is based upon all of the facts and circumstances of each case and in a manner which is not unduly technical."

A definition of probable cause is much less important than the facts of the case at hand. Nevertheless, courts, particularly in judging probable cause for arrest, have attempted to define the term. A frequently used definition comes from *Brinegar v. United States* (1949), 338 U.S. 160, 93 L. Ed. 1879, 69 S. Ct. 1302, where, partly relying upon language from *Carroll v. United States* (1925), 267 U.S. 132, 69 L. Ed. 543, 45 S. Ct. 280, the court declared that probable cause exists where the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.

Quantifying probable cause is difficult. Many courts have said that what is required is more than mere suspicion but less than is necessary to convict. See, *e.g., People v. Jones* (1959), 16 Ill. 2d 569, 573.

In most DUI prosecutions other than those initiated under the *per*

*se* law, the primary issue will be whether the evidence proves the defendant to be "under the influence." Mere consumption of alcoholic beverages does not establish intoxication. (*People v. Togher* (1970), 127 Ill. App. 2d 141 (abstract of opinion).) Further, testimony that the breath of the accused smelled of alcohol is not sufficient to prove that a person was intoxicated. *People v. Thomas* (1975), 34 Ill. App. 3d 578, 580; *People v. Winfield* (1973), 15 Ill. App. 3d 688, 690.

The law prohibits a person from driving a vehicle after having consumed an amount of alcohol that has caused him " 'not to be himself, so as to be excited from it, and not to possess that clearness of intellect and control of himself that he otherwise would have' " (*People v. Leiby* (1952), 346 Ill. App. 550, 554, quoting *Osborn v. Leuffgen* (1942), 381 Ill. 295, 299), or, as has been repeated in a number of cases, "less able, either mentally or physically, or both, to exercise clear judgment, and with steady hands and nerves operate an automobile with safety to himself and to the public." *People v. Seefeldt* (1983), 112 Ill. App. 3d 106, 108; *People v. Sullivan* (1971), 132 Ill. App. 2d 674, 677; *Winfield*, 15 Ill. App. 3d at 690; *People v. Wheatley* (1972), 4 Ill. App. 3d 1088, 1090.

The findings of the trial judge will not be overturned on appeal unless such findings are palpably against the manifest weight of the evidence. (*In re Trainor* (1987), 156 Ill. App. 3d 918, 921.) "A judicial finding of fact is not against the manifest weight of the evidence unless from the record an opposite conclusion is clearly evident." *People v. Jacquith* (1984), 129 Ill. App. 3d 107, 117.

The facts in this case are few due in great part to the arresting officer's lack of deliberation prior to making the arrest. The accident appears to have been caused by the tow truck operator, who failed to yield while turning left. The accident does not *manifestly* imply that the defendant was "under the influence." The officer observed a bleeding head wound which reasonably could have caused the slurred speech. The slurred speech does not *manifestly* imply "under the influence."

The odor of alcohol may imply the "consumption of alcohol" but that is the only inference that may be drawn. (*People v. Holtz* (1974), 19 Ill. App. 3d 781, 788.) I submit the same and only inference regarding consumption of alcohol may be drawn from bloodshot eyes. "Bloodshot eyes" and "odor of alcohol" are qualitative rather than quantitative analyses. Qualitative analysis is to detect an element or substance in a sample. Quantitative analysis is to determine the amounts of elements or groups in a sample. (Webster's Third New International Dictionary 1858, 1859 (1981).) I am aware of no authority stating that depending upon the strength or weakness of the odor or the extent of

bloodshot eyes, a reasonable person could extrapolate and reasonably opine as to "under the influence."

There are cases such as *Holtz,* in which, depending upon the strength or weakness of the odor or the extent of bloodshot eyes, a reasonable person could extrapolate and reasonably opine as to whether alcohol had been consumed. Every case in which probable cause was sustained contained additional evidence in the nature of admissions and/or observations of the defendant or observations of defendant's vehicle, which established "under the influence" as defined above. The cases cited by the majority fall into this category. (See *People v. Sanders* (1988), 176 Ill. App. 3d 467, 468 (defendant's breath smelled of alcohol, his speech was slurred, his eyes were glassy, *and* he admitted he fell asleep behind the wheel and ran off the road, and he was argumentative); *People v. Wingren* (1988), 167 Ill. App. 3d 313, 316-17 (defendant's breath smelled of alcohol, her speech was slurred, her eyes were glassy and red, *and* she failed two sobriety tests, staggered, and had to use a wall to hold herself up); *People v. Wagner* (1987), 152 Ill. App. 3d 34, 36 (defendant's breath smelled of alcohol, his speech was slurred *and* he admitted that he had drunk six beers and two shots).) In the case at bar, the officer had probable cause to believe the defendant drove a vehicle and had consumed alcohol at the time he effected the arrest. At best, he had a suspicion that the defendant was under the influence. Significantly, none of the additional facts present in the above cited cases were present here. He did not inquire if the defendant had been drinking; he did not observe her driving the car; he did not observe her outside the car; no sobriety tests were given. Precipitously, the officer effected the arrest upon mere suspicion, not upon probable cause.

I am unable to agree with the majority's determination that the decisions of the trial court were manifestly erroneous or against the manifest weight of the evidence.

In conclusion, I believe the majority has either misapplied the proper standard of review or it has reduced probable cause to mere suspicion.

As an aside, the issue of collateral estoppel is inappropriate in this appeal. The second trial judge allowed the State to present any evidence it desired. The State said it had no other evidence to present other than the transcripts of the prior hearing. Such a procedure does not constitute collateral estoppel because the State had a full hearing to the extent it so desired.

Therefore, I would affirm the trial courts and must accordingly dissent.